*MOORE (COLLINS' ADM'R.)* vs. *LOUAILLIER & AL.*

APPEAL FROM THE COURT OF PROBATES OF THE PARISH
OF ST. LANDRY.

A mortgage cannot be shewn to exist by parol testimony. But the right to a mortgage, resulting from the transfer of a claim, to which a mortgage is attached, may be proved by parol evidence.

The law requires a notary to make a memorandum at the foot of a note

---

*\*Note* —This cause was argued at the September term,1829,and suspended on a petition for a rehearing, which was granted at the September term 1830. At this term the cause was reargued. The court adhered to their former opinion, then delivered.

Western District,
September 1831.

MOORE, COLLINS'
ADM'R
vs.
LOUAILLIER ET
AL

given for the payment of a sum, secured by a mortgage; but it does not require him to certify the transfer of such note, or any one which is given on renewal of the original note.

The process verbal of sale of an estate, made by the judge of probates, subscribed by the purchaser and his sureties, which stipulates or secures a mortgage on the property sold, is considered of record in the parish judges office by being deposited and put on file in the office. It is thus deemed recorded, according to the requirements of law.

This case arose on the opposition of several creditors to the homologation of the tableau of distribution of the estate of M. Collins, deceased.

On the 20th of October, 1828, William Moore, administrator of M. Collins' estate, filed his tableau in the court of probates, and prayed for its homologation.

Joseph Andrus made opposition, on the ground that he was placed on the tableau as an ordinary creditor, when he should have been allowed the benefit of the vender's privilege on the proceeds of a tract of land, sold by Jesse Andrus to Collins in his life-time, and making part of his estate at his death, which was sold by his administrator.

The opponent claims as assignee, or endorsee, of his son Jesse Andrus. The latter, in October, 1818, sold to Collins a tract of land for $4700, retaining a mortgage or privilege until payment. In July, 1821, Collins executed *a new note* to Jesse Andrus for $1623, the balance then remaining due of the original purchase. In December, 1823, Jesse Andrus, by endorsement, transferred this note to his father, Joseph Andrus; and in February, 1829, during the pendency of this contest, Jesse Andrus executed to his father an act, under private signature, in which the *new note* for $1623 was again transferred, and particularly described as being given for the balance due on the purchase of the tract of land which Collins had bought of Jesse Andrus; and that it was intended, in the transfer of the note, that the vender's privilege or mortgage on the land, or its proceeds, should go with it.

*Joseph Andrus* offered in evidence on the trial, the note

of Collins, which had been transferred, and the private act of Jesse Andrus, to him executed a few days before the trial, in February, 1829; and also parole evidence to shew that the note in question was the same which had been given for the purchase of the land by Collins. The evidence was objected to:

Western District,
September 1831.

MOORE, COLLINS'
ADM'R
vs.
LOUAILLIER ET
AL.

1st. The note did not correspond with the one mentioned in the act of sale of the land.

2d. It would be allowing a mortgage to be made out by parole agreement, if parole evidence was received to connect the note with the act of sale and mortgage.

3d. The act of Jesse Andrus would be allowing the party to make testimony for himself, if admitted; and also permitting the *descendant* of the opposing creditor to give evidence for him, which is prohibited.

The probate judge decided in favour of the mortgage.— The administrator appealed.

*Louaillier, friere*, claimed to be a privileged creditor, which was denied him by the administrator.

He claimed to be a privileged creditor, as the assignee of a note for $1479 68, given by Collins for the purchase of four slaves at the sale of the community property between John Andrus and his late wife. This sale was made at the *request* of John Andrus, by the parish judge, in his capacity of auctioneer. A mortgage was retained in the *proces verbal* of sale on all the immoveable property and *slaves;* and it was expressed in it that the sale was made *judicially.*

The *proces verbal* of this sale was made up into a manuscript book, the leaves sewed together, and *filed* away in the parish judge's office. This was all the record ever made of it, and it was the custom of the judge to *file* in his office all documents of this description, and which he considered as *of record,* in his office. The administrator contended that this was not a recording of the mortgage, within the meaning of the law. The judge of probates decided it was, and allowed the mortgage. The administrator appealed.

MOORE, COLLINS'
ADM'R
vs.
LOUAILLIER ET
AL

*Garland* for the administrator and appellant.

1st. Parole testimony cannot be received, to prove the connexion between the note assigned by Jesse Andrus to the appellee, and the mortgage which, it is pretended, was retained on the land and assigned, to secure the payment of the note; because it would be, in effect, proving a mortgage by parole, which cannot be done.—*Civil Code*, p. 452, art. 5, 6. *La. Code*, art. 3272.

2d. The law points out the manner in which notes secured by a mortgage are to be connected with the act that secures their payment;—which is, by the notary who passes the act stating on the note, (or marking it *Ne varietur*,) that it is secured by a mortgage.—*2 Moreau's Dig.* 70, § 4.

3d. This testimony is inadmissible, because it is the statement of Jesse Andrus, the obligee and endorser of the note, and the son of Joseph Andrus, to whom it is transferred; and the acknowledgment of Collins, the insolvent debtor. The statements of Jesse Andrews cannot be received, he being the person in whose favour the stipulation is made, and the son of the *endorsee:* nor the acknowledgements of Collins, in a contest between the creditors of his insolvent succession.—*3 Mar.* 256. 12 *do.* 157. *2 Mar.* N. S. 608.

4th. The *proces-verbal* of the sale under which *Louaillier, frere,* claims to have a mortgage on the proceeds of Collins' estate for the price of four slaves, was not made by order of the court of probates, or by the judge acting in the capacity of judge of probates, but simply as auctioneer, and at the request of John Andrus. No record was ever made of this proces verbal of sale, in which Louaillier's mortgage was retained. It consists of sheets of paper sewed together and filed away in the parish judge's office. The law requires it should be inscribed in a record book in the office of the parish judge, or recorder of mortgages in the parish where the property is situated, to have effect against third persons.—*1 Martin*, N. S. 384. *Civil Code*, p. 464, 6, art. 52, 63. *La. Code*, 3314, 3334. *2 Moreau's Dig.* 285.

*Bowen* for the opposing creditors and appellees.

1st. *Joseph Andrus* has shewn the existence of the mortgaged debt and its transfer by endorsement and private act. Parole evidence is admissible to shew the written agreement did not include the whole contract, and will be received to supply its place.—2 *Starkie*, 1048.

2d. If Jesse Andrus, the son, be not allowed to make evidence for his father, he can transfer his claims to him, and the writing and endorsement are necessarily evidence of such transfer.—9 *Touiller*, 263-4, no. 159, 160, 161, 162.

3d. The provisions of the Civil Code, and the statutes with regard to the recording of mortgages, simply direct that all instruments stipulating a mortgage, other than those executed in New-Orleans, shall be recorded in the office of the parish judge where the mortgage property is situated; but does not prescribe the *manner* of recording.—3 *Mor. Dig.* 188.   6 *Martin*, N. S. 120.   3 *Martin*, N. S. 348.

4th. Parish judges being thus left without explicit directions on the subject, have adopted a different manner of recording; some pursuing the English manner, of preserving the original enrolment as a record, by filing away the proces verbal of sales stipulating mortgages.

5th. A *record* is a memorial of a proceeding, or act of a court of record, entered in a roll of parchment; for the preservation of it.—*Co. Litt.* 117, C. 26, a. *Com. Dig.* title Record, letter A.

6th. An affidavit read and filed, becomes a *record* of 'the court.—2 *Wilson*, 371.   A court of record is that where the acts and judicial proceedings are enrolled in parchment, which rolls are called the records of the court.—3 *Black.* 24, 292.

*Martin, J.* delivered the opinion of the court.

The administrator complains of the judgment of the court of probates sustaining the oppositions of Andrus, and Louallier to the tableau of distribution.

U 3

Western District,
September 1831.

MOORE, COLLINS
ADM'R
vs.
LOUAILLIER ET
AL

MOORE,COLLINS'
    ADM'R
      *vs.*
LOUAILLIER ET
      AL.

Andrus, endorsee of a note given by the deceased, for the balance due on a former note, given to secure the price of a tract of land, complained he was placed on the tableau as a mere chirography creditor, while he was a privileged and hypothecary creditor on the proceeds of the sale of the land.

Louallier complained that he is placed as assignee of the claim of the price of certain slaves, bought by the deceased at a probate sale, as a chirography creditor, while he ought to be placed as a privileged or mortgage creditor therefor.

The claim of Andrus was resisted on the ground that as he was the endorsee, given for a balance due on a larger one, for the price of a tract of land, he could not avail himself of the privilege or mortgage which attached on the former note.

It is urged the note in the opposing creditor's possession, is not on its face connected with the act of sale, on which the privilege or mortgage arises, and cannot be shewn to be so, by parole evidence; to permit this being done, would be to give effect to a parole mortgage, contrary to the provisions of the *Louisiana Code*, art. 3272; and the notary ought to have made a memorandum at the foot of the note.—2 *Moreau's·Dig.* 70, § 4.

*A mortgage cannot be shewn to exist by parol testimony. But the right to a mortgage, resulting from the transfer of a claim, to which a mortgage is attached, may be proved by parol evidence.*

We think that, although it is certain that a conventional mortgage cannot be the result of a parole agreement, the right to the mortgage resulting from the transfer of the claim to which the mortgage is attached, may be proved by parole testimony.

*The law requires a notary to make a memorandum at the foot of a note given for the payment of a sum, secured by a mortgage; but it does not require him to certify the transfer of such note, or any one which is given in renewal of the original note.*

The law requires the notary to make a memorandum at the foot of a note, given for the payment of a sum secured by a mortgage; but it does not require him to certify the transfer of such a note, or any which is given as a renewal of the former.

Louaillier's pretensions were set aside on the ground that his mortgage was not registered in the office of the parish judge. The privilege or mortgage results from the proces verbal of the estate of a deceased person, sold by

the judge of probates. ' The purchaser and his sureties subscribed that part of the proces verbal of sale, which relates to the slaves bought. This proces verbal is on file, and consequently is a record of the court of probates. The parish judge is *ex officio* judge of probates and notary public. He is not expected to keep distinct offices, as parish judge, judge of probates, and notary public. Were he to keep distinct offices in such capacities, he would be the keeper of these several offices, they would be severally his offices. Whether he keep one or more offices, he is the keeper of all the papers in the one, or all of them. Hence, in the case of Martel et al. vs. Tureaud's heirs, (6 *Martin*, N. S. 121,) we held that any deed passed before a parish judge, in his notarial capacity, relating to property situated in his parish, does not require any transcription, or further inscription, to give it effect against third parties. Our decision must be the same with regard to an act of sale, received by him as judge of probates.

We think the court of probates did not err, in sustaining the opposition of the appellees.

It is therefore ordered, adjudged, and decreed, that the judgment of the court of probates be affirmed, with costs.

*Western District, September* 1831.

MOORE, COLLINS' ADM'R
*vs.*
LOUAILLIER ET AL.

The proces verbal of sale of an estate, made by the judge of probates, subscribed by the purchaser and his sureties, which stipulates or secures a mortgage on the property sold, is considered of record in the parish judges office by being deposited and put on file in the office. It is thus deemed recorded, according to the requirements of law.