3　627
118　383

## PICKETT et al. v. BATES et al.

Where evidence has been received without objection, it will be too late, at a subsequent stage of the trial, to object to it as inadmissible.

The bond of an administrator received by a probate judge of another State, forms a part of the judicial proceedings relating to the administration of the estate, and is admissible in evidence as part of a transcript of such proceedings.

Though a transcript of judicial proceedings in another State shows that a *fi. fa.* was issued against a party, the existence of a judgment will not be inferred.

PICKETT
v.
BATES.

An attorney at law is authorized to receive partial payments on account of any claim put in his hands for collection.

Where an attorney to whom a claim has been intrusted for collection, releases, without authority, a part of the debt, in consideration of the payment of the residue, the debtor cannot, on the refusal of the creditors to sanction the compromise, reclaim the amount so paid either from the attorney or the creditor. The act of an agent, though unauthorized, is not always wholly void ; it may be good so far as authorized, and void for the rest.

Where a surety compromises with the creditors, and settles the debt on payment of a part, he cannot recover from his principal the whole amount of the debt. A surety is not permitted to speculate on his principal. The gain on a compromise made by him enures to the benefit of the principal.

Where a surety has extinguished the claim of the creditor by a compromise, he must establish the terms of the arrangement to entitle him to recover against the principal.

Sureties are entitled to relief for partial payments made by them. The obligation of the principal towards a surety is not indivisible.

A judgment against a debtor in another State, is *prima facie* evidence of the debt against a third person to whom the debtor is alleged to have made a fraudulent and simulated sale, in an action against the latter, in this State, to annul the sale for fraud and simulation. It devolves on the purchaser to rebut the evidence.

The prescription established by art. 1989 of the Civil Code does not apply to simulated sales.

APPEAL, by the defendant *Hightower*, from a judgment of the District Court of Morehouse, *Copley*, J. *Richardson* and *Sharp*, for the plaintiff. *Dubose*, *McGuire* and *Ray*, for the appellant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiffs claim from *Henry Bates* the sum of $1201 75, as an amount which they have been obliged to pay as his sureties on the bond given by him as adminirtrator of the estate of *Philemon Hightower*. They also made the defendant's wife, *Charlotte Hightower*, and *William S. Hightower*, parties defendants; and prayed that a donation made by *Bates* to his minor child, and a sale made by him to *W. S. Hightower*, might be annulled as fraudulent and simulated.

In the course of the trial the plaintiff offered in evidence a transcript of the record of the probate proceedings in Alabama, which exhibited, among other matters, the appointment of *Bates*, his official bond, a contestation between him and the heirs, and a judgment against him and in their favor, for a balance of account due by him. To the introduction of this evidence, which had been filed with, and referred to in, the petition, the defendants made no objection at the time; but, a subsequent stage of the trial, the defendants raised the objection " that the bond was no part of the judicial proceedings," and a copy of it should have been authenticated in a different form. The court refused to act upon the objection, as coming too late. We think the court did not err. In addition to the view taken by the court, it seems to us that it was properly treated as part of the judicial record. The transcript, prepared by the clerk, the keeper of the records of the county court, shows that the bond was the subject of judicial action. There was an order of court that it be received and recorded. Under our own practice a bond filed with the papers and proceedings, of a succession, and accepted by the judge, would be deemed a part of the record. We have no evidence nor argument presented to justify us in supposing that it would be otherwise considered in Alabama. See *Taylor* v. *Jones*, ante. p. 619. *Sanders* v. *Dosson*, ante 588. *Moore* v. *Louallier*, 2 La. 571. An objection has been raised in argument, which has not been noticed in the bill of exceptions, and, perhaps, requires no answer, with regard to the authority of the clerk of the County Court to certify the proceedings of "a Special Orphan's

Court," as it is termed in the record. But the record contains inherent evidence that the County Court judge was *ex-officio* judge of Probates.

The transcript establishes a personal judgment against *Henry Bates*, in favor of the heirs of *Hightower*, and is conclusive against him.

It is said that the record cannot be deemed evidence that, a judgment was rendered against the sureties ; that it shows that a *fieri facias* was issued against *Joseph Bates* and *Wm. R. Pickett*, the plaintiffs in this case, as sureties on the bond, but the court cannot presume a judgment because there was an execution. No doubt there is some statutory authority in Alabama, warranting execution, without further decree against the sureties, upon default of the principal in such bonds, established by a return of *nulla bona*. But, as we have no evidence of the law there, and no similar practice here, we will give the defendant the benefit of his objection. But aside from the transcript, which conclusively establishes the default of the principal, the plaintiffs have satisfactorily shown, by parol evidence, a payment by the sureties. The attorney of record in the litigation, which occurred, as shown by the transcript, between five of the heirs of *Hightower* and the administrator, proves that, after the return of the *fi. fa.* against the administrator, he, as attorney of the heirs, demanded payment of *Pickett* and *Joseph Bates*, and received it from them. His professional relation to them appears from the record ; as their attorney, he obtained the judgment ; and, in that capacity, he had a right to receive money in payment of the judgment. See *Mourain* v. *Beauvais*, 10 La. *Langdon* v. *Pothe*, 13 Mart. s. 320. *Lewis* v. *Gumage*, 1 Pick. 347. He could recover a payment on account, and was not obliged by his duty to refuse a partial payment.

But it is said that the payment was not binding upon the creditors whom the attorney represented, and that evidence should be adduced of their ratification, because the amount received for the three heirs *James*, *William*, and *Milly Hightower*, $450, was less than their share of the judgment, and was receipted for by their attorney as in full satisfaction of their share, which amounted to $600 87, besides costs. By reason of this compromise, which the attorney had no right to make, it is argued that the judgment was void. It may be conceded that the compromise would not be binding, but the legal consequence is not as claimed by the defendants. When an agent does more than he is authorized to do, the act is not always wholly void. In some cases it may be good for that which is authorized, and void for the rest. Here the boundaries between the excess and the rightful execution of the authority are clearly distinguishable, and the subject matter is divisible. It was the duty of the debtor to pay the debt ; and having paid a part of what he owed, upon a supposed release for the residue, which was unauthorized, he could not reclaim the money either from the attorney or the principal.

The next enquiry is whether, supposing the claim of the three heirs to be extinguished in full for the sum of $600 87, the sureties can now claim that amount from the defaulting administrator. They contend that they are subrogated to the rights of the three heirs for the total amount of their claim, and stand in their place against *Henry Bates*, the principal debtor. Their claim, to that extent, is unfounded. The surety is not permitted to speculate upon his principal. The contract is not one of profit, but indemnity. His remedy is for what he has paid. The gain of a compromise enures to the benefit of his principal.

The judgment bore interest by the laws of Alabama, where the bond was executed, at eight per cent; and the sureties are entitled to recover at that rate, form the day of payment.

<div style="float:left">PICKETT<br>
v.<br>
BATES.</div>

The sureties also claim the amount of the shares of two other heirs, *James* and *Mary Hightower*. It would seem that, by some arrangement, the sureties have extinguished the claim of those heirs. The testimony by which it was attempted to prove the arrangement, was objected to ; but we do not think it necessary to decide upon its admissibility. The terms of the settlement are not proved ; and, from the circumstances, the inference is strong that the sureties made a compromise ; but for how much does not appear. To entitle themselves to relief, they should not present a doubtful case. That portion of their claim must at present be rejected. Sureties have a right to relief for partial payments. The obligation of the principal to the surety is not indivisible. See *Newman v. Goza*, 2 An. 645.

No attempt has been made in argument to impugn the correctness of the verdict and judgment, annulling the donation by *Bates* to his minor child.

No objection was made by *Hightower* to the introduction in evidence of the transcript of the record of the County Court in Alabama, except those already noticed ; but, when the cause was submitted to the jury, he asked the court to charge the jury that the judgment against *Henry Bates* was no evidence against *Hightower*, and that it was incumbent on the plaintiff to make out a clear case of indebtedness against *Henry Bates* by other legal evidence besides the record, in order to recover against *Hightower*. The court refused this instruction, charging the jury that the judgment was *primâ facie* evidence as against *Hightower*, and it devolved upon *Hightower* to rebut that *primâ facie* showing. In this charge there was no error to the prejudice of *Hightower*.

The indebtedness of *Bates*, to the extent stated, is amply shown by the documents and parol evidence. The issue of simulation was distinctly made by the pleadings. The verdict of the jury is in favor of the plaintiffs ; and, under the evidence and the opinion of the judge refusing a new trial, we do not think it should be disturbed. The prescription established by article 1989 does not apply to simulated sales. See the case of *Cammack v Watson*, 1 An. 132·

It is, therefore, decreed that, the judgment of the court below be so far only changed, as to reduce the amount to be recovered by the plaintiffs from the sum of $750 to the sum of $450, (being the amount paid by the plaintiffs to *James, William* and *Milly Hightower*,) with interest thereon at the rate of eight per cen per annum from 25 March, 1846, until paid ; that the claim of the plaintiffs, if any they have, by reason of any monies paid to *Jane E. Hightower Graham*, and *Mary Hightower Langly*, by the said plaintiffs, as sureties of *Henry Bates*, administrator of *Philemon Hightower*, be dismissed, without prejudice ; that, so changed, the judgment of the court be affirmed ; the plaintiffs paying the costs of this appeal.