Haydel v. Betts.

## GEORGE HAYDEL *v.* JOHN W. BETTS.

A verbal sale of a slave is good against the vendor, only when acknowledged by him, under oath, in answer to interrogatories, and where there was actual delivery of the slave. C. C. 2255. Where the answer denies the sale, it cannot be contradicted by the evidence of witnesses. Ib. 2415. Were it permitted, the prohibition of the law as to testimonial proof of verbal sales of real estate, or slaves, would be evaded, by alleging fraud, and propounding interrogatories, and, when answered in the negative, by offering testimony under the pretence of contradicting the answers.

The purchaser of a slave, sold under a *fi. fa.* against a party in possession, not shown to have been aware of the defects in the title of the latter, being a possessor in good faith, will be responsible to the owner for the value of his services, only from judicial demand. C. C. 495, 3416.

APPEAL from the District Court of Assumption, *Nicholls,* J. *Mathiot* and *Bodin,* for the appellant.

*J. C. Beatty,* for the defendant.

MORPHY, J. The plaintiff has appealed from a judgment rejecting his claim to a slave named George, purchased by the defendant at a Sheriff's sale, in the suit of A. M. Foley against Raimond Laussade, in whose possession the negro was seized. The defendant, in his answer, had averred, that the plaintiff was without any title whatever to the slave, having transferred all his right, interest, and title therein, to the said Raimond Laussade; that the sale, however, was by private act, and had never been recorded, but was in the hands of Laussade, who, with the plaintiff, was fraudulently seeking to conceal the sale. To make good these averments, he propounded to his adversary certain interrogatories, in answer to which, the latter stated, under oath, that he had never passed any act of sale of the slave George to Raimond Laussade; that he had promised to sell him that negro, in case he would pay him nine hundred dollars; and that if he did not comply with this condition, he should return the negro. He further stated, that this agreement, which had taken place two years before, had become void by Laussade's failure to comply with the condition under which it was made, and that it had since been agreed between them, that, if the slave was left in the possession of Laussade, he should cure him of a disease with which he was afflicted. Parol evidence was then offered, to prove that the pe-

titioner had declared to several persons, that he had sold the slave in question to R. Laussade ; and our attention has been called to a bill of exceptions taken to the admission of such evidence. We think that the Judge erred. Verbal sales of slaves are declared by law to be void, unless acknowledged by the vendor when in-terrogated under oath, and accompanied by delivery. Civil Code, art. 2255. In the present case, the plaintiff, far from admitting, expressly denies that he made such a contract. Were the defen-dant permitted to disprove his answers by witnesses, he could establish the sale by testimonial proof, and thus do indirectly that, which under our Code, could not be done directly. Art. 2415. The prohibition of the law would be evaded in every case by al-leging fraud and putting interrogatories, and when answered in the negative, by offering testimony under the pretence of disprov-ing the answers. 3 La. 118. The testimony of the witnesses being disregarded, there is no evidence that the plaintiff ever di-vested himself of his title to the slave George ; his agreement to sell him to Laussade was a conditional one, which was to take effect only in case he paid the plaintiff nine hundred dollars. As to the damages claimed for the illegal detention of the slave, the witnesses vary in their estimate of the value of his services ; some valuing them at ten dollars per month, and others at six dol-lars. From the description given of this negro, and the admission of his master that he was laboring under some disease, we feel inclined to adopt the latter estimate, and will allow only six dol-lars per month, to be computed from the day of the institution of this suit, as the defendant must, we think, be considered a pos-sessor in good faith up to that time. Civil Code, arts. 495, 3416.*

It is, therefore, ordered, that the judgment of the District Court be reversed : and that the plaintiff recover of the defendant the slave George, with damages, at the rate of six dollars per month, from the 2d of May, 1843, until the said slave be delivered ; and it is further ordered, that the defendant pay the costs in both courts.

---

* There was no evidence to show that the defendant was aware of the defects in the title of the purchaser at the Sheriff's sale.