BONIS
*v.*
LOUVRIER.

---

THOMAS HUDNALL *v.* WATT & DE SAULLES and ROBERT Y. JONES.

Parole evidence is inadmissible to prove either the sale of a slave, or acknowledgments tending to shew the ratification of an unauthorised sale of a slave.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. J.* and *J. Henderson,* for plaintiff and appellant. *Benjamin & Micou* and *Day,* for defendants.

SLIDELL, J. The plaintiff claims a slave in the possession of the defendants. They, being lessees, called in their lessor, *Jones,* who pleaded the general issue, prescription and title. There was judgment for the defendants, and the plaintiff appealed.

A bill of exceptions was taken by the plaintiff to the admission of the testimony of one *Moore,* who proved the verbal acknowledgment of the plaintiff that he had sold the slave in New Orleans to one *Brown;* under whom *Jones* claims, through various mesne conveyances. It may be conceded that parole evidence is admissible to prove the sale of a slave made in a State of this Union, where such property may be sold by a verbal contract. But as the witness expressly stated that he understood, both from *Hudnall* and *Brown,* that the sale took place in New Orleans, we are of opinion that the parole evidence was inadmissible, under the positive provisions of the Code and numerous decisions made upon them. "All sales of immovable property, or slaves, shall be made by authentic act, or under private signature. All verbal sale of any of these things shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted." Civil Code,

HUDNALL
*v.*
WATT & DE
SAULLES.

2415. "Every transfer of immovable property, or slaves, must be in writing; but if a verbal sale, or other dispositions of such property be made, it shall be good against the vendor, as well as against the vendee, who confesses it when interrogated on oath, provided actual delivery has been made of the immovable property or slaves thus sold." *Ib.*, 2255. "The allegation of extra-judicial confessions, merely verbal, is useless in all cases of a demand, in support of which testimonial proof would be inadmissible." *Ib.*, 2269. These articles of the Code, or similar articles of the Code of 1808, and the admissibility of such evidence as we are considering, have been acted upon in many cases. See *Adams* v. *Gaynard*, 5 New Series, 250. *Grill* v. *Phillips*, 6 New Series, 302. *Bradford* v. *Clark*, 7 Louis., 150. *Haydel* v. *Betts*, 6 Rob., 439.

We are also of opinion that the Court erred in admitting testimony as to verbal acknowledgments of the plaintiff, tending to shew a ratification of an unauthorised sale made by *Brown*. The same rules we have already noticed, involve its exclusions. See *Adams* v. *Gaynard*, and the other cases above cited. In this case, as in the other first considered, the parole evidence goes to defeat the plaintiff's title.

Nor are we able to sustain the judgment upon the prescription of five years, established by Article 3444 of the Code, which provides that the property of slaves is acquired in five years between parties residing in the State, and ten years when any of them reside out of the State, where the possessor has a *title* and holds in good faith. *Jones* exhibits no title, and the evidence is insufficient even to establish a continuous possession during five years in the antecedent vendee, *Bailey*, or *Bailey's* vendee, *Botts*, from whom, in his answer, *Jones* alleges that he purchased.

It is proper to add that no call for the note of *Brown*, spoken of by some of the witnesses, was made, pursuant to the Code of Practice, Art. 140.

It is therefore decreed that the judgment be reversed, and that this cause be remanded for a new trial, the appellees to pay the costs of the appeal.