The opinion of the court was delivered by
Monroe, J.
This is an application for certiorari and prohibition, against the judge of the District Court of the Parish of Vernon, and the Police Jury of that Parish, to restrain the reopening of, and further proceeding in, a certain cause in which the relator alleges there was final judgment in its favor in October 1897. Under an order made upon the petition herein, a certified transcript of the proceedings in *1881 said cause lias been sent up, from which., taken in connection with Lhe returns made by the respondent judge and the Police Jury, we find the following' to be the situation:—
On December 5, 1S95, agreeably to the provisions of Act No. 35 of 1886, carrying into effect Article 242 of the Constitution of 1879, a sxiecial election was held in the Parish of Vernon in order to determine whether the property tax payers of that parish woulij submit to a special tax in favor of the Kansas City, Shreveport & Gulf Railway Company; and the Police Jury, having- canvassed and compiled the returns, proclaimed the result as having- been in favor of the tax, and adopted an, ordinance to levy the same. Thereafter, upon February 27, 1896, seven persons, claiming- to be tax-payers and voters in the parish, filed a suit in the District Court, which bears the number 175 of the Civil Docket, with the view of contesting said election, in which thejy prayed that the “Police Jury of Vernon Parish, composed of W. D. Holden, etc.,” (naming- the members), and the Railway Company, be cited, and for judgment, decreeing the result of said election to have been the defeat and rejection of said tax, annulling the ordinance levying- the same, and perpetually injoining- its collection. The allegations of the petition upon which this prayer was predicated charged:
1. That the petition for the election was not signed by the requisite number of property tax-payers, as required by law.
2. That many of the signers were not property tax-payers.
3. That the Police Jury ordered the question submitted to the property tax-payers entitled to vote at general elections, whereas it should have been submitted to “the property tax-payers.”
4. That all votes cast in favor of the tax were null and void by reason of non-conformity to the requirements of the petition.
5. That, in holding the election, canvassing- the returns, and promulgating the result, certain gross frauds were perpetrated by some of the Commissioners, by the Board of Supervisors, and by the Police Jury, which frauds the petitioners set forth with elaborate detail and circumstance.
Citation, with a copy of this petition, was duly served upon each of the members individually, but not upon the Police Jury, eo nomine. The answer of the railway company was filed April 6, 1896, and, upon April 11th, a written agreement for a continuance was signed by the District Attorney, in behalf of the Police Jury, and, the counsel for the *1882 other parties litigant. The matter remained in that condition until October 1897, when the plaintiffs in the suit and the railway company entered into a notarial agreement of compromise, the conditions of which were that the plaintiffs were to allow judgment to be rendered rejecting their demand and dismissing their suit, in consideration of which, the company was to hold them, individually, and quite a number of other persons whose names are mentioned, harmless with respect to the tax. And, pursuant to this agreement, on October 12th, 1896, judgment was rendered and signed in the pending suit in the following-terms, to-wit:
“In this case, by reason of the consent of the plaintiffs, and the law and evidence being in favor of the defendants, it is ordered, adjudged and decreed, that there be judgment in favor of the said defendants, and the demands of the plaintiffs be, and are hereby, rejected, and this suit dismissed at plaintiff’s cost. Done and signed in open court, on this, the 12th day of October, 1896.
“(Signed) S. D. Read,

"District Judge.'"'.

No answer, or appearance, other tiran as stated, had been filed or made by the Police Jury. Upon March 30, 1898, however, that body adopted an ordinance, which, after reciting, as the reason for its action, the fact that the railway company had entered into the agreement above mentioned, declared its previous ordinance, levying the tax, “repealed, annulled and of none effect”. Thereafter, the company instituted suit against the Police Jury, the assessor, and the tax collector, praying that the repealing ordinance of March 30, 1897, be declared null, and the officers named be ordered to extend the assessment and collect the tax. In this proceeding, the Police Jury answered that the plaintiff company had destroyed any right which it might have acquired, resulting- from the election in 1895, and had destroyed the validity of the ordinance, levying the tax in its favor, by the compromise and judgment of October 12th, 1897, inasmuch as the result of the same was to release a portion of the tax payers and leave the burden upon others. The case, having been decided by the District Court in favor of the defendants, was brought here by appeal, and, in February, 1899, the judgment appealed from was reversed, and there was judgment for the plaintiff.
*1883 Following- this, in January of this year, the Police Jury filed an answer in the tax-payers’ suit, wherein judgment had heen rendered, as has heen stated, in which answer it admits that the averments contained in the petition, as to frauds perpetrated by the Commissioners and to the effect that the tax did not receive a majority of the legal votes, were true, but alleges that it was in ignorance thereof when it promulgated the result and adopted the ordinance levying the tax, which it regarded as ministerial functions.
It further sets up the compromise entered into by the railway company, and the judgment obtained, and alleges that they were collusive and had the effect of making the burden of taxation unequal; that the ease was not at issue as to it, when the judgment was rendered, and that it was no party thereto, and hence, that the same is null and void: and that to give effect to it would be to deprive the tax-payers of the Parish of Yernon of the right to be heard. “That these respondents were re- “ quired by law to be made parties defendant in this case, as representatives of the tax-payers of Yernon Parish, and that they were s-“made parties, and the petition prays for citation and judgment “ against these respondents. They, therefore, aver that no valid judg“ment could be rendered herein except contradictorily with them. “ That the suit, not being, alone, for the protection of tho rights of “ the plaintiff, but availing to the benefit of all tax-payers, it is against “ public policy and good morals to permit the grave charges contained “ in the plaintiffs’ petition to be withdrawn for money consideration, “paid to the plaintiffs and their attorneys.”
And the answer contains other matter which need not he here recapitulated. In February, following- the filing of this answer, the Police Jury ruled the railway company, to show cause why the. ease should not he reinstated as an open case and proceeded with to a final hearing; to which the company excepted and answered; and the rule was heard, and, on February 28th, submitted for adjudication. On March 2nd, however, the mover asked and obtained leave, the railway company objecting and excepting, to withdraw said rule, and the case, as we understand it, was then set for trial, as a case which is open as to all parties, in fact, the judge a quo has permitted other tax payers to come in, by way of intervention , and his position in regard to the matter, as now presented, as well as that of the police jury, may be understood from the foregoing resume of what has taken place, and *1884 the following synopsis of the return made by them, showing cause why the prohibition, herein prayed for, should not be granted, to-wit:
The judge says: "That the proceedings by rule were, under orders of court, subject to the disposal of the applicant therefor.” That the plea to the jurisdiction was, in effect, a plea of res adjudicaba, but that only two of the parties could be affected by the judgment relied upon, and that, as between them, the judgment was rendered by consent.
That the law requires that the Police Jury should be made a party in a suit such as the one in question, and that no judgment could, otherwise, be rendered affecting rights represented by said Police Jury.
That said suit involved public rights, and when brought, became public property, and neither the tax-payers, who brought it, nor the Police Jury, could, thereafter, settle the same, by compromise or consent judgment, or in any other manner, save by judgment of the court, after an examination of the facts.
“That, the proceedings by rule having been withdrawn, the said cause, No. 175, by necessity, must stand as it stood when the consent judgment was signed and became operative, and has stood ever since that circumstance, and open for all purposes of legitimate consideration, until finally closed by such action as definitely settles all matters put at issue by, and against, all parties thereto.”
The Police Jury says, that the relator has an adequate remedy by appeal, since “if the exceptions, which the relator claims to have filed in “ the court of first instance, be sound in law and the court overrules “ them complete relief may be had by appeal.”
That this court is asked to exercise original jurisdiction which does not belong to it, and to decide matters which have not been decided by the lower court, to-wit: the effect of the judgment rendered in the absence of the Police Jury, and the question of the duties and responsibilities of said Police Jury under Act 106 of 1892.
That the suit, No. 175, is one in which the tax-payers are interested, and that it could not be compromised, or discontinued, without the consent of the court and. upon full statement of facts. And there are further averments relating to the merits of the case in the District Court.
*1885 Opinion.
Whatever might be the inclination of this court to afford relief, in view of the conditions thus disclosed, the action, and non-action of the parties interested, and of those by whom they are represented, renders it impossible that the course pursued by the respondents should be sustained, without an utter disregard of the most elementary rules established for the orderly administration of justice.
Act No. 106 of 1892 reads:
“Section 1. That any election, held under Articles 209, 242 and 250 of the Constitution of 1879 and the laws to carry the same into effect, may be contested by any party or parties in interest, on the grounds of fraud, illegality, or irregularity, before any court of competent jurisdiction.”
Section 2. That suits brought to contest any election, as aforesaid, -shall commence by petition, which shall be served, in the manner provided by law, on the Police Jury, or other body, or authority, holding such an election, under the aforesaid articles of the Constitution of 3 879 and laws to carry the same into effect; and any suit, under the provisions of this act, shall be brought within three months after the promulgation of the result of the election contested.”
Py reference to Article 242 of the Constitution, and to Act No. 35 of 1886, it will be seen that the suit, in this instance, was properly brought against the Police Jury, as the authority which ordered, and held, the election, declared the result, and adopted the ordinance levying the tax; and it was also properly, though, perhaps, not necessarily, brought against the railway company in whoso favor the tax was said to have been voted.
The act, however, only requires that the “Police Jury or other body, etc.”, shall be made party defendant, and this is, manifestly, because such “Police Jury” etc., is presumably • best qualified to vindicate and defend the result announced by it, and which it is the purpose of the suit to attack; and because it stands for the body of the citizens, whom it would be practically impossible to join together as defendants.
In the suit out of which this controversy has arisen, it appears, that, whilst the Police Jury was not cited, eo nomine, nevertheless, a copy of the petition was served upon the members, and each of them was *1886 cited individually, upon the last days of February, 1896; and, upon April 11th, after the filing of its answer by the railway campany, the District Attorney, acting for the Police Jury as a body, signed a written agreement for the continuance of the case. There can be no question, therefore, that the members of the Police Jury were fully informed of the suit, or that that body, itself, had obtained legal advice concerning it. The purpose of the suit, as declared in the petition, was to annul the action which the Police Jury had taken, upon the ground, that it was based on gross fraud, perpetrated by the commissioners of election; by the supervisors,and by the Police Jury,itself; and the allegations as to the fraud perpetrated by the Police Jury were as distinct, categorical, and emphatic as those which imputed fraud to the other officers. No notice was taken of the existence of this suit, from April 11th, 1896, when it was continued by consent, as stated, until March 30th, 1898, when the ordinance was adopted, repealing the ordinance of December 6th, 1895, levying the tax; the reason assigned for its adoption, in the preamble, (of the repealing ordinance) being, not that the commissioners, the supervisors, and the Police Jury had perpetrated gross frauds which it was necessary to-correct in that way, but that a-compromise had been effected, as a result of which some of the citizens of the parish would escape the tax, whilst others would not; which was the defense urged in the suit, thereafter, brought by the railway company; and it was not until after an adverse decision in that case, four years after the filing of the suit by the tax payers, and more than two years after the judgment had been rendered therein, that the Police Jury, though still without a citation addressed to it as a body, filed its answer, upon the theory that there was still a suit pending, notwithstanding the judgment of the court to the contrary.
It is plain that, unless the District Court was without jurisdiction to render the judgment rejecting the demand of the taxpayers and dismissing their suit, there is no suit pending in that court in which such an answer could be filed, and there are no litigants now before sa'd court who can be called upon, by means of such answer, to contest the issues presented by it, even if it should be conceded that those issues can be presented by the Police Jury.
The question, then, is, wherein was there a lack of jurisdiction? “Jurisdiction,” says the Code of Practice, “means the power of him, who has *1887 the right of judging”. It is not pretended that the judge a quo did not have the power, quoad the subject matter, or the plaintiffs, or the defendants who had been cited; but it is said that the other defendant, the Police Jury, who had not been cited, was a necessary party to the suit, and that no judgment whatever could be rendered without the presence of that defendant. But let us suppose that the .suit had been brought against the Police Jury, alone, and the plaintiffs, filing it, had instructed the clerk to issue no citation, and none had been issued until after the expiration of the three months within which the action became prescribed, would not the plea of prescription have been a perfect bar to its further prosecution ? And, if this is true, can it be successfully urged that there was no way by which the plaintiffs could take themselves out of court upon their own motion? Were they obliged to remain there, awaiting the pleasure of the defendant, whom in legal contemplation they had never sued? The proposition seems hardly a reasonable one, from any point of view, since the defendant might just as well have deferred the filing of its answer for twenty, or fifty, as for four, years; and it certainly can not be maintained under the textual provisions of the law, which give the plaintiff the right to discontinue, even as to a defendant who has been cited, “in every stage of the suit, previous to judgment being rendered.”
Whether, by reason of the peculiarity of the suit in question, the plaintiff ought to have been allowed to discontinue, or to take a judgment rejecting their demand, was a question which the district judge had to decide. Perhaps, if the Police Jury had put -in an appearance, and had urged that, the plaintiffs, having come into court and being the only property tax-payers who had done so within the time allowed, ought to be held there for the benefit of those who had not come in, he might have taken that view of that matter. But the Police Jury put in no such appearance, and no one else came in, and the judge determined the question for himself; and, several years later, he concluded that he was mistaken. But, in the meanwhile, the judgment is a finality, and is no longer under his control. The Police Jury, not having been made a party to the suit because n'ot cited, is not affected by it, and, as to those who were parties to it, it is conclusive, and must remain so, unless set aside in some method known to the law; and, merely to ignore it as a thing having no existence, is not such a method.
*1888 It is, therefore, ordered, adjudged and decreed that the writ issue, as herein prayed for, prohibiting' the respondent judge and the Police Jury of the parish of Vernon from further proceeding in the suit entitled “Citizens and Tax-Payers of Vernon Parish vs. Police Jury of Vernon Parish eb als.”, No. 175 of the Civil Docket of said court; the costs to be paid by the respondents.
Rehearing refused.
Blanci-iard, J., recused.