GUILLOT, Appellant, v. LOUISIANA RY. AND NAV. CO.

(November 15, 1926.  Opinion and Decree.)
(December 13, 1926.  Rehearing Refused.)

*(Syllabus by the Court.)*

1. Louisiana   Digest—Pleading—Par.   80, 81,   90;   Master   and   Servant—Par. 160 (i).

After a plaintiff has discontinued his suit he can no longer re-open it for a new trial or by supplemental petition; his only remedy is to file another suit. The law upon this question applies equally to suits for compensation.

Appeal from Twenty-fourth Judicial District Court of Louisiana, Parish of Jeffersos. Hon. J. Robert Rivarde, Judge.

Action by Mrs. Wilfred Guillot against Louisiana Railway and Navigation Co.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

A. V. Coco, Paul A. Sompayrac, George Sladovich, of New Orleans, attorneys for plaintiff, appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J.    This is an appeal from a judgment refusing to set aside an order of dismissal of this suit and to reopen the case.

The facts are as follows:

On June 26, 1924, Wilfred Guillot, plaintiff's husband, while employed by defendant as car inspector was killed by a car running over him. On December 5, 1924, his widow, through A. V. Coco and Paul A. Sompayrac, able and honorable attorneys, the former late attorney general, and the latter his assistant, filed suit in the District Court for the Parish of Jefferson, against the defendant praying for a judgment for herself and her minor child in accordance with the Employers' Liability Acts of this State in the sum of $24.39 per week for 300 weeks. The defendants pleaded that they were a common carrier engaged in interstate commerce; that Guillot was a car inspector and therefore the State courts had no jurisdiction. Before any judgment upon this plea, the plaintiffs, through the same attorneys filed suit in the District Court of the United States against the

same present defendant for $35,000 damages under the Federal Employers' Liability Act. The defendant filed in answer and the case was taken up for trial. After the trial had proceeded two days in the taking of testimony, a compromise was agreed upon in the following words:

"I, Mrs. Wilfred Guillot, widow of Wilfred Guillot, a resident of the Parish of Orleans, State of Louisiana, do herewith acknowledge to have received from the Louisiana Railway and Navigation Company its voucher in the amount of one thousand ($1000.00) dollars, being voucher No. 59 bearing date of May, 1925, payable to Mrs. Wilfred Guillot, Marksville, Louisiana, reading: "For and in full settlement of judgment rendered in suit No. 17,880 in the District Court of the United States, Eastern District of Louisiana, in which Mrs. Wilfred Guillot is plaintiff and the Louisiana Railway and Navigation Company is defendant, said suit being brought to recover damages (on) account of the death of plaintiff's husband, Wilfred Guillot, on June 26, 1924, while acting in the capacity of car inspector for the Louisiana Railway and Navigation Co.; and I further acknowledge that I have accepted the said voucher for and in full settlement of any and all claims which I have or may have in law or in equity arising out of the death of my deceased husband, Wilfred Guillot, whose death occurred on June 26, 1924, from injuries sustained by him at the Wye Yard of the La. Ry. and Nav. Co. in the Parish of Jefferson, State of Louisiana, and for which cause, I first caused to be instituted in the Twenty-eighth Judicial District Court for the Parish of Jefferson, State of Louisiana, the suit entitled: Mrs. Wilfred Guillot and al. vs. La. Ry. and Nav. Co., No. 4717, of the Docket of said court, and thereafter caused to be instituted in the United States District Court for the Eastern District of Louisiana, the suit entitled: "Mrs. Wilfred Guillot vs. La. Ry. and Nav. Co., No. 17,880 of the Docket of the said court, in which suits, however, judgment has never been rendered, but which said suits have or will be dismissed, and I herewith acquit and discharge the said La. Ry. and Nav. Co. from all and every species of claims and

demands I may have against it in the premises, and discharge it from any and all obligation that may exist in law or in equity, I having received said voucher in full compromise and settlement of all my rights whatsoever.

"(Signed) Mrs. Wilfred Guillot."

On June 18, 1925, the following motion was filed in the suit of Widow Guillot vs. The La. Ry. and Nav. Co., in the District Court of Jefferson Parish:

"Now comes plaintiff, through undersigned, and respectfully avers that after institution of the above entitled suit, it became evident that this Honorable Court had no jurisdiction of the same, because the whole transaction took place while deceased and defendant were engaged in commerce between the states; wherefore plaintiff moves that the above entitled suit be dismissed at her costs.

"(Signed)
A. V. Coco and Paul A. Sompeyrac."

In accordance with this motion the judge signed an order dismissing the suit.

One June 11, 1925, on joint motion of plaintiff and defendant an order was filed and entered dismissing the suit in the United States District Court.

On September 15, 1925, the plaintiff, through George Sladovich, her attorney, filed a lengthy petition in the District Court for the Parish of Jefferson in her original suit, in which she alleged the nullity of the compromise under Section 8, S. 8, Sec. 36 of the Act of 1914, and prayed that the order of dismissal be set aside and for leave to file a supplemental petition in which she alleged divers causes of the nullity of said order.

The district judge issued an order calling on the defendant to show cause why the relief prayed for by the plaintiff should not be granted.

To this rule the defendant filed an exception of want of jurisdiction rationae materiae.

The exception was maintained and the rule dismissed on October 9, 1925.

From this judgment the plaintiff has taken an appeal which presents the only question for our consideration.

It was admitted in argument that the Federal Employers' Liability Act does not contain any provision similar to Sec. 17 of the Louisiana law requiring the approval of the court for the validity of any compromise.

In an extended brief, counsel for plaintiff, argues and attempts to prove that the District Court of Jefferson had jurisdiction of the plaintiff's demand for the reason that Taylor was employed on a railroad engaged in intrastate and not interstate commerce. The learned counsel may be right. But that question has been settled by plaintiff's counsel in filing the suit in the Federal court and by dismissing the suit in the State court on the specific allegation that the "whole transaction took place while deceased and defendant were engaged in commerce between states".

He also argues that under Sec. 18, S. 2 of the Employers' Liability Act plaintiff had a right to amend her pleadings "at any stage of the proceedings". But this does not mean after the motion and order of dismissal. For at that stage there are no longer any proceedings pending.

Article 491 of the Code of Practice provides that:

"The plaintiff may in every stage of the suit, previous to judgment being rendered, discontinue the suit in paying the costs."

Art. 492: "After discontinuing the suit, the plaintiff may bring the action anew; provided he has paid the costs of the first suit."

It is evident that these two articles do not contemplate the filing of a supplemental or amended petition or a new trial in a suit which has been discontinued or dismissed.

It only authorizes the plaintiff to "bring the action anew", "or a new action".

The Supreme Court has so interpreted the two articles. In the case of Liquidators of David Co. vs. Berthetot, 118 La. 380, 42 South. 971, the syllabus thus stated the case:

"On motion of the attorneys for plaintiff the suit was discontinued in February, 1900. Plaintiff moved to vacate the order or discontinue and to reinstate the case in March, 1902. The motion was overruled. Right was reserved to plaintiff to bring suit under Article 492 of the Code of Practice. Held: that plaintiff's remedy was limited to that article."

In the same case the court said on p. 384:

"No new trial can be granted. The time has long since passed for a new trial. The question of the validity of the compromise before referred to does not arise at this time. We think that the suit has been discontinued beyond the possibility of giving it new life by a re-instating order."

In the case of Bikbert vs. Meriam, 2 La. Ann. 160, the court said:

"Where an action has been discontinued it cannot be reviewed by a rule to show cause, and if such revival be allowed any judgment subsequently rendered will be null."

This case affirmed the opinion in Gilbert vs. Nephler, wherein the plaintiff had discontinued a suit, and two years afterwards reinstated it by rule. The court said: "We know of no law sanctioning such a course of proceeding. When suit is discontinued, there is nothing before the court, but the party discontinuing is at liberty to bring a new action after paying the costs of the first suit." C. P., 492; see also Gardere vs. Foucher, 4 N. S. 352; Moore & Browder vs. Bres, 18 La. 483; State vs. Read, 52 La. Ann. 1880, 28 South. 255.

In the case of Monvoisin vs. Plant, 147 La. 464, plaintiff brought suit for physical injuries for $31,000, or in the alternative for $4160 under the Employers' Liability Act. He compromised with defendant on payment of $3000 and discontinued the suit; subsequently he filed a supplemental petition in which he claimed $14,050 for the same injury; on motion of Plant, the supplemental petition was stricken from the docket and plaintiff appealed. The court said:

"The ruling was correct. A plaintiff, in any stage of the suit, previous to judgment being rendered, may discontinue the suit on paying costs, and, after discontinuing the suit, he may bring the action anew; but he has no right to ingraft it upon the former proceedings. C. P., 491-492."

It is a singular coincidence that George Sladovich, who was the attorney for plaintiff in that case, is also attorney for plaintiff in the case now under consideration.

But the plaintiff contends that Article 492 C. P., and the above decisions do not apply to compensation cases under Sec. 18, S. 4, which reads as follows:

"The judge shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided."

We do not understand that the question in this case involves a mere "technical or formal rule of procedure". It is the application of an article of the Code of Practice defining the force and efficacy of a motion and order of dismissal; not affecting the proceedings in the case but putting an end to them. It does not deprive the plaintiff of any right, but reserves to him the right of another suit.

But if we entertained any doubt in the matter we would be governed by the opinion in the Monvoisin case cited above which was a compensation case.