WILLIAM H. DUNBAR *v.* SARAH MORRIS, Tutrix, and another.

An agreement, by an attorney at law, to receive payment of a judgment in any thing but the legal currency of the United States, will not be binding on the plaintiff.

APPEAL from the Court of Probates of Concordia, *Dunlap*, J.

This case was submitted, without argument, by *F. H. Farrar*, and *T. P. Farrar*, for the plaintiff, and *Stacy* and *Sparrow*, for the appellants.

MARTIN, J. The defendants, tutor and co-tutor of the heirs of Elias Bass, resist the plaintiff's claim, which is founded on a judgment obtained by the latter against the ancestor of their wards, on the allegation that an agreement was entered into by D. S. Stacy, who was employed by them to conduct the affairs of the succession, and H. B. Barbour, the plaintiff's attorney, employed to collect the amount of the judgment, whereby payment thereof was to be effected in notes of certain banks of the State of Mississippi. They allege that they had procured a sufficient amount of them

before the period at which the payment was to be made, and have ever since kept the said notes ready to be paid, in discharge of the judgment; that Barbour having died, the plaintiff employed Montgomery and McMillan to attend to the collection of the judgment, who recognized the agreement entered into by Barbour and Stacy, and expressed their assent thereto, promising to receive payment accordingly ; that notwithstanding this, and the readiness of the defendants to effect the payment in the manner thus agreed on, a vexatious suit has been brought against them to enforce payment otherwise than in the manner above stated.    There was judgment against the defendants, and they have appealed.

It does not appear to us that the court erred.    It is not even alleged that any of the agents employed by the plaintiff were authorized by him to receive payment in anything else than the legal currency of the United States, nor that he had knowledge of any agreement made by any of them with the defendants in relation to the collection of his claim, much less of any assent of his thereto. The defendants, therefore, cannot avail themselves of such an agreement against him.    1 Mart. N. S. 133.    12 Mart. 688.

*Judgment affirmed.*