ALBERT G. PHELPS *v.* JOHN S. PRESTON.

The principle is settled beyond controversy, that an attorney has no authority to release his client's debtor without payment; and that an agreement by an attorney at law to receive payment of a judgment in any thing but the legal currency of the United States, will not be binding on his client without the consent of the latter.

APPEAL from the District Court of the Parish of Rapides, *Cushman,* J. *Elgee & Hyams,* for plaintiff.    *O. N. Ogden,* for defendant.

BUCHANAN, J. This is an injunction against the execution of a judgment obtained by defendant against the plaintiff.

The judgment enjoined was rendered at the May term, 1844, of the District Court of the parish of Rapides, for the sum of three thousand four hundred and two dollars, with ten per cent. interest from the 1st of January, 1842, until paid, conditioned, that execution should be suspended for one-third of the debt until the 1st of May, 1845, when if one-third was paid, then execution to be suspended until the 1st of May, 1846, when upon payment of another third, execution was not to issue until the 1st of May, 1847.

The petitioner for injunction alleges, that the said judgment was fully paid and satisfied by him, on the 11th day of July, 1845. The execution which was enjoined, was issued on the 8th day of December, 1846.

The evidence shows that the attorney of the defendant in the suit of *John S. Preston* v. *Albert G. Phelps,* entered satisfaction of the same on the judgment docket on the 11th July, 1845; and that he also released the judicial mortgage by writing a certificate of satisfaction across the inscription of the same on the mortgage record of the parish.

If this evidence stood by itself, it would make out a sufficient case for the plaintiff, for the court would presume, until the contrary was proved, that the attorney at law, who had entered satisfaction of the judgment, had done so upon receiving payment of the amount of the judgment, in money, from the judgment debtor. But in this case, it is proved, by the evidence of that attorney himself, examined as a witness for plaintiff in injunction, that no part of the judgment was paid in money; that *Phelps* transferred to witness a note of *Isaac Baldwin,* secured by mortgage and payable to the order of Mr. *Smith,* and by him endorsed; this was in satisfaction of some three thousand dollars or more of the claim—the balance of said claim was arranged by the transfer of parish paper, and two notes of Mr. *John Compton.* As to these two notes of Mr. *Compton,* we may remark, that it was admitted on trial, they were returned to plaintiff in injunction.

The principle is settled, beyond controversy, that an attorney has no authority to release his client's debtor without payment; and that an agreement by an attorney at law, to receive payment of a judgment in any thing but the legal currency of the United States, will not be binding on his client without the consent of the latter. 3 Rob. 278.    1 N. S. 133.    12 Mart. 688.    4 N. S. 145. 7 N S. 36.    7 L. R. 63.    2 An. 328.

The plaintiff in injunction has endeavored, indeed, to prove an authorization to the attorney to receive something besides cash in satisfaction of the judgment in question. His witness on that point is the attorney himself, who in

answer to the following interrogatory—Did you or not receive authority from *I. T. Preston*, to settle and arrange the said debt as you deemed best?—says, " Col. *Preston*, of New Orleans, authorized me to arrange the debt in any manner I thought best calculated to secure it."

In opposition to this testimony, we have in the record that of *Isaac T. Preston*, who declared, "that he placed in the hand of *F. W. Brewer*, a practicing attorney at Alexandria, the note described in the first interrogatory, and took his receipt, of which the following is a copy, the original being now in witness' possession :

"Received, New Orleans, March 26th, 1840, of *John S. Preston*, through the hands of *Isaac T. Preston*, for collection, a note for three thousand four hundred and two dollars, drawn by *Albert G. Phelps* in favor of *William P. Hickman*, and by him endorsed, dated March 5th, 1840, and payable on the 1st day of January, 1842, with ten per cent. after maturity.

(Signed,) F. W. BREWER, Attorney."

In answer to the third interrogatory, he says that he gave Mr. *Brewer* no other power or authority than what is contained in the receipt.

On another point, we find these witnesses contradicting each other in a manner equally direct.

*Brewer* says : "After arranging the debt as before stated, I informed Colonel *Preston*, who replied that it was satisfactory. This reply was by letter, though I have not the letter, having been left with many others when I left Louisiana, and which I have never received, and therefore cannot annex it."

On the same subject, this is *I. T. Preston's* statement : " He had no knowledge of Mr. *Brewer's* taking notes for the debt, until he heard of the frauds with which he was charged at Alexandria, and among other things that he had taken and negotiated a note for part of this debt."

Between these two conflicting witnesses, we have not the slightest hesitation in attaching the most credence to *Isaac T. Preston ;* and therefore conclude that the attorney, *Brewer*, never had any authority from *I. T. Preston*—even supposing the latter had any right to confer such an authority—to receive any thing but money in satisfaction of *John S. Preston's* judgment against *Phelps*. Also, that *Brewer's* receipt of notes for said judgment was never ratified by, or communicated to *I. T. Preston*.

Under this proof, the right of the defendant is clear, to dissolve the injunction and to prosecute the execution of his judgment, notwithstanding the pretended satisfaction entered. It is a hard case upon the plaintiff in injunction to be obliged to pay the judgment twice, but he will have his recourse for reimbursement against the party who has unlawfully obtained and appropriated his property.

It is therefore decreed that the judgment of the District Court be reversed; that the injunction herein granted be dissolved, and that the defendant and appellant, *John S. Preston*, recover of the legal representatives of the plaintiff and appellee, *Albert G. Phelps*, and of *Dennis A. Smith*, security on the injunction bond, *in solido*, two hundred and fifty dollars damages, with costs in both courts.