### No. 1184.

WILLIAM C. CULVERHOUSE ET AL. VS. JACOB MARX—JAMES PEARSON, WARRANTOR.

Though plaintiffs in a suit may have given no express authority to their attorneys to compromise the same, yet where the attorneys have compromised it, and given proper information to their clients of the terms of the compromise, and remitted to them the money paid under it, which is received, the latter will be held to have ratified it, and will be bound by it. A judgment rendered on the compromise can be pleaded as *res adjudicata* to another suit between the same parties, and embracing the same subject-matter.

APPEAL from the Third District Court, Parish of Union. *Holstead*, Special Judge.

Culverhouse vs. Marx.

*Thos. O. Benton* for Plaintiffs and Appellants.

*Jas. A. Ramsey* and *J. W. Holbert* on the same side.

*E. M. Graham* and *J. E. Trimble* for Defendants and Appellees.

The opinion of the Court was delivered by

Todd, J.   The plaintiffs, as heirs of their mother, Mary Culverhouse, sue to recover one undivided half of the property described in the petition, which was once the property of the community that existed between the said Mary Culverhouse and her husband Wm. Culverhouse, both deceased.

The defendant called in warranty his vendor, James Pearson. They both answered, and from a judgment in their favor the plaintiffs have appealed.

In their answers among other defenses set up, were those of estoppel and *res adjudicata*.

These pleas are founded on the following facts and proceedings :

In the year 1882, these plaintiffs instituted an action in the district court of Union parish against the same defendant and for the same property now sued for.

There was a compromise entered into between the attorney representing the plaintiffs in said suit and the defendant and warrantor therein, and judgment rendered on said compromise on the 22d of October, 1882, declaring the settlement of the controversy by compromise and dismissing the suit.

In the petition in the instant case that compromise is referred to, and the same is alleged to be null and void on account of the want of authority in the attorney affecting it, and error on part of the plaintiffs.

By the terms of the said alleged compromise, the plaintiffs, through their said attorneys, agreed to receive $567, and did so receive it, in full settlement of their claim to the property.

In the written agreement, evidencing the alleged compromise, we find this language, quoting :

"And the attorneys representing plaintiffs herein agree for them that this shall be in full settlement for all of the property situated in the town of Farmerville that was placed on the inventory of the succession of Mrs. Culverhouse, taken by W. C. Smith, recorder of Union parish on March 1st, 1859, bought by James Pearson, and it being the understanding that this settlement is to include all the property that ever belonged to the father of these plaintiffs, and which subsequently came into the possession of Jacob Marx by purchase from James Pearson, and of James Pearson himself and none other."

Soon after this agreement was entered into, Wm. R. Rutland wrote to one of the plaintiffs, Thomas Culverhouse, in which he thus referred in his letter to this compromise, quoting: " We have received a compromise of the first suit in your favor of $500 and something over, which pays all costs. * * *

"Amount to distribute.................................................$500
One quarter amount of our fee as per contract................... 125
Amount to divide less fee...... ............................... 375
One-eighth interest to each heir.............................. 46
for which amount please find my sight draft, etc."

And in another letter to W. C. Culverhouse, also one of the plaintiffs, he wrote :

" The compromise only embraces the town property, and does not effect other lands near town."

Drafts representing the several interests of the heirs in the fund were sent and received. At least this is not disputed.

It seems to us that from this agreement, and the information given to the parties by those letters referred to of the counsel, there could be no mistake about the property, the subject of the compromise, or the terms thereof.

Now, although the plaintiffs may never have authorized the making of the compromise, yet it is certain that after receiving the money after being thus informed of the fact and the terms of the settlement and making no objection, they fully ratified it.

It was nearly three years before the parties were again heard from, and then through the present action.

We conclude that the pleas of estoppel and *res adjudicata* are fully sustained, and so concluding, we cannot disturb the judgment of the lower court.

Judgment affirmed with costs.