(41 South. 490.)

No. 16,073.

Succession of LANDRY.

(May 7, 1906. Rehearing Denied June 4, 1906.)

1. EXECUTORS—CLOSING SUCCESSION — PARTITION BY HEIRS.

A judgment, recognizing heirs and decreeing that they are entitled to receive the estate from the executrix, does not close the succession or authorize the heirs to partition the property.

2. SAME—HOMOLOGATION OF ACCOUNT.

In such case, the executrix has the right to oppose the partition and to retain the property until her final account has been homologated. Code Prac. arts. 1003, 1007.

3. ATTORNEY AND CLIENT—POWERS OF ATTORNEY.

The attorney for the executrix has no right as such to waive or compromise her rights or to make a settlement for her with the heirs at law.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 209–216.]

(Syllabus by the Court.)

117 LA.—7

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

In the matter of the succession of George Landry. Angeline Yrle, executrix, obtained an order for an accounting, and from a judgment overruling her opposition to the homologation of a partition by the heirs, and sustaining the opposition of the heirs to her final account, she appeals. Reversed and final account reinstated.

See 40 South. 696, 116 La. 259.

Albert Voorhies, for appellant Angeline Yrle. James J. McLoughlin, John G. Robin, Henry George McCall, Jr., Simeon Belden, and Armand Romain, for appellees.

LAND, J. This is a sequel to the suit entitled "Succession of Landry," reported in 114 La. 829, 38 South. 575, which was an action by the heirs at law of Geo. Landry to annul the last will and testament of the decedent, instituting Angeline Yrle as universal legatee, on the ground that the testator and the legatee had lived together in open concubinage, and that the testator was prohibited by law from donating to his said concubine more than one-tenth part of the value of his estate, payable from the movables.

This contention was affirmed by the district court, and by this court on the appeal, and the legacy reduced to the amount permitted by law.

Angeline Yrle was not only universal legatee, but was also executrix of the last will and testament of George Landry, and as such administered his estate.

The judgment referred to did not send the heirs into possession, but merely recognized their right to be put into possession contradictorily with the executrix.

The heirs thus recognized should have proceeded to demand an account of the executrix in order to ascertain the residuum of the estate remaining after the payment of debts, legacies, and costs of administration.

Instead of so doing, the heirs proceeded to have the remainder of the property partitioned among themselves without making the executrix a party. It must be stated, however, that the attorney for the executrix was consulted and entered into an agreement with the attorneys for the heirs, for a settlement of the rights of the legatee on a certain basis. This agreement, however, was not ratified by the executrix and legatee, and was therefore as to her res inter alios acta.

It appears that the heirs were willing to waive an accounting by the executrix, and to accept the remaining property of the estate as representing the residuum to be divided.

The heirs obtained an order for the sale of the real estate still belonging to the succession for the purpose of effecting a partition. The assets to be divided consisted of the proceeds of the sale of the real estate, and a certain sum in bank to the credit of the executrix and certain rents which had been collected by the heirs.

The court ordered a partition among the heirs and referred them to a notary for the purpose of making a distribution. This officer found that the active mass consisted of $6,142.-20 in cash, and that, after deducting costs and charges, there remained for distribution the sum of $5,434.70, which he apportioned among the heirs. In this partition no provision was made for the payment of the reduced legacy in favor of Angeline Yrle, who was not a party to the proceeding. The district judge, however, ordered that she be cited to show cause why the procès verbal of partition should not be homologated.

Shortly before the service of this order, Angeline Yrle had filed her final account as executrix and obtained an order that public notice be given of the filing. This account purports to cover the whole administration of the executrix and shows debts and charges far exceeding the assets in her hands.

In this account the executrix claims to be an individual creditor of the succession in the sum of $4,920, for service rendered and cash advanced to the deceased. In this account the executrix charges that the heirs had by an ex parte proceeding withdrawn from her deposit in the bank the sum of $1,144.15, and had taken properties amounting to $3,977.81.

Angeline Yrle opposed the homologation of the partition proceedings and the proposed distribution among the heirs on a number of grounds, among others, that she had not been made a party either individually or as executrix, had not been called upon to render an account, was a creditor of the estate as shown by her final account filed, and that before taking possession the heirs were bound to give security. The heirs opposed the final account of the executrix on the ground that the succession had been closed, the heirs placed in possession, the debts paid, the property partitioned, and the partition homologated; and on the further ground that Angeline Yrle had had, through her counsel of record, a final settlement and accounting with the heirs, and had turned over all the effects of the succession, and had received the legacy to which she was entitled.

The opposition of Angeline Yrle to the homologation of the partition was overruled, and the opposition of the heirs to her final account was sustained, with reservation of her rights against the heirs for any debts that might be due her by the estate.

Angeline Yrle has appealed from both judgments.

The fundamental error in the premises of the district judge is the assumption that the judgment recognizing the heirs, reducing the legacy of Angeline Yrle, and declaring that the heirs were entitled to be put in possession of the estate by the executrix, was equivalent to a decree sending the heirs into possession of all the property in the hands of the executrix.

The heirs were entitled to the residuum of

the estate remaining after the payment of the legacy, and all debts and charges due by the succession.

The judgment contemplates that the executrix should render an account and be discharged before the heirs should be sent into possession.

Counsel for the heirs urge that there was an amicable settlement of accounts between the parties prior to the partition proceedings, and that the legacy due Angeline Yrle has been satisfied. It is true, as has already been stated, that counsel for the heirs and counsel for Angeline Yrle agreed upon a settlement; but it is equally true that she did not ratify the action of her attorney, who testified, in part, as follows:

"When I informed her of the settlement, she never positively ratified what I had done nor positively rejected it; but she told me to keep the $81, and she would see me later about it. Later, I understood that she had decided to present new claims and to renew the fight in some other form, and I ceased to be her counsel. * * *

"She was never positive about it in one way or the other.

"She seemed to be greatly shocked because the heirs had gotten possession of the cash in bank and real estate, and were in possession and were suing for the partition before the court. My understanding of the matter was that it was over, so far as she was concerned, and that she had been treated fairly in the settlement which I had made for her; but, at the very second interview, I believe, after that settlement, she began to show unmistakably to me that she had something else in her mind, that she was going to try something else, and that she was afraid, by ratifying this settlement made by me and taking the balance, she would in some way preclude herself from some other proceeding; but she never told me either that I should not have made the settlement or that she was glad I made it. She never gave any direct or positive statement in connection with the matter."

Angeline Yrle testified that she refused to approve the settlement and to receive the balance in the hands of her attorney.

While counsel unquestionably acted for his client in perfect good faith, and from his point of view made for her a favorable settlement, it remains that he had no legal authority to waive or compromise her rights.

The executrix had the seisin of the estate, and the partition proceedings were as to her res inter alios acta.

The judgment recognizing the heirs, and decreeing that they were entitled to receive the estate from the executrix, did not close the succession. Even a judgment ordering the heirs to be put in possession must be accompanied by an order directing the succession representative to render an account, which the heirs or creditors may oppose. Code Prac. arts. 1003, 1004; Succession of Sterry, 38 La. Ann. 854.

Pending the homologation of the account, the succession representative has the right to retain the property of the succession to secure the payment of any balance that may be found due him. Code Prac. art. 1007.

The succession remains open until the administrator or executrix is discharged.

It is therefore ordered, adjudged, and decreed that the two judgments herein appealed from be annulled, avoided, and reversed, and it is now ordered and decreed that the rule filed December 12, 1905, be dismissed and the notary, Bussiere Rouen, make no distribution of the funds in his hands until the further orders of the court, and it is further ordered that the final account filed by Angeline Yrle, executrix, be reinstated for further proceedings according to law; the appellees to pay costs incurred in district court and costs of appeal.

NICHOLLS, J., absent.