BREAUX, C. J.
The purpose of this action was to set aside an order discontinuing it.
The facts are that the attorney at law originally employed in the ease and who brought, the suit accepted the sum of $3,300 in satisfaction of plaintiffs’ claims, which plaintiffs aver amounted to over $4,000, and for which they had brought suit at the date the payment was made to this attorney.
This attorney employed a firm of attorneys to assist him on his own responsibility, and without informing the plaintiffs. He absconded with the amount he received.
As well state here that the firm employed by the absconding attorney had naught to do with the wrong committed by the attorney who had retained their services. They knew nothing of his wrongful act.
Plaintiffs aver that, as soon as the embezzlement and the fact that the attorney had absconded became known to them, they repudiated his act in having received the sum before mentioned in satisfaction of their claim, which they aver he received in accordance with a compromise.
We return for a moment to the order of discontinuance of plaintiffs’ original action, made by the attorney in question, in which it is stated that by way of adjustment and compromise plaintiffs’ claim was settled.
The action was dismissed in the year 1900 upon this motion. In the year 1902 plaintiffs ruled defendants into court, and sought to have the order of discontinuance vacated on the grounds that James D. Seguin and Mc-Culloh & Gahan acted without authority; that the asserted compromise could not bind plaintiffs; that they had never approved it, and had received no portion of the consideration.
The grounds are set forth at some length, and are supported by plaintiffs’ oath.
Although the names of McCuIIoh & Gahan are referred to, they were not instrumental in this dismissal, and the testimony does not show wherein plaintiffs had ground of complaint against them.
Defendants made this application to vacate . the order of discontinuance by urging that this discontinuance was binding on plaintiffs, and that the suit could only be reinstated by direct action.
The district court sustained the contention of defendants and refused to reinstate the case. At the same time the court reserved to plaintiffs the right to proceed by petition and citation, whereupon plaintiffs brought suit by petition and citation to have the order dismissing the suit rescinded and annulled and the case reinstated. They attack the compromise on the ground that it was false and in fraud of their rights. They charged that defendants were negligent in their transactions with the absconding attorney. They substantially reiterated the issues and demands for relief which they had presented originally in their motion to have the case reinstated.
At this stage of the proceedings defendants by motion asked for oyer of the act of compromise. In answer plaintiffs alleged “that your appearer has no knowledge of any such compromise, whether the same is verbal or written, and that none can be exacted.”
The defendants then interposed the peremptory exception, invoking the order of dismissal.
Defendants pleaded res judicata and the exception of one, three, and five years against plaintiffs’ cause of action.
This peremptory exception was overruled.
*383 The defendants then pleaded a general ■denial of all their liability.
The judge of the district court dismissed the second application to vacate the order.
From this judgment, plaintiffs prosecute this appeal.
We assert that a plaintiff has the right to •control his cause, discontinue his suit, provided no reconventional demand has been filed and the costs are paid.
It is true that a contract, or compromise to put an end to a lawsuit must be reduced to writing, and that an attorney at law has no right to release his client’s debtor without payment. Millaudon v. McMicken, 7 Mart. (N. S.) 36.
But it is also true that, where a payment has been made to an'attorney at law employed to sue for the amount, it will discharge the debtor. Civ. Code art. 2146.
This article has been interpreted: An attorney had received an amount less than the sum due in full settlement for the claim due to his client. The client sought relief against the attorney’s act, and urged that he was not bound by the agreement and settlement, and characterized the payment as a compromise.
“If it should be conceded,” the court said, “that the compromise would not be binding, even then the consequence would not be as contended for by the client; for the act of an agent who exceeds his authority is not always void. It may be good for that which it authorized and void for the rest, as the subject-matter is divisible.” Pickett v. Bates, 3 La. Ann. 629.
Although the facts are not entirely similar, there is sufficient analogy between the two cases to the cited case to have some pertinence.
In the case now before us for decision the payment was binding, at least, to the extent that a payment was made. The release of the remainder falls within the terms of the cited decision.
Although the case is not entirely pertinent for reasons hereafter stated, it will appear that it supports to some extent the conclusion at which we have arrived.
The suit has been discontinued. Plaintiffs were relegated to another suit both by the effect of the discontinuance and by the action of the court dismissing plaintiffs’ motion to reinstate the case.
It only remained for plaintiffs to proceed by petition and citation under article 492 of the Code of Practice.
We cannot imagine that the judge of the district court, in reserving the right to the plaintiffs to proceed by petition and citation, ever intended to reserve any other act except to proceed again by direct action.
Plaintiffs did not appeal from the action of the court refusing to vacate the order of discontinuance and to reinstate the ease. The order has every appearance of being definite in so far as relates to the suit discontinued.
No new trial can now be granted. The time has long since passed for a new trial. We do not see that anything can be done except to proceed as before mentioned. If it be too late to prosecute the suit in that manner, it may be unfortunate, but it cannot be helped. We are convinced that under the rules of practice generally courts of justice are authorized to discontinue a suit, as in this case, where there is nothing to give rise to the least suspicion of the least impropriety.
The question of the validity of the compromise before referred to does not arise at this time. The court properly took it for granted that the attorneys were authorized to represent their clients.
There is only one question of discontinuance vel non. We think that the suit has been discontinued beyond the possibility of giving it new life by a reinstating order.
*385 . It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed.