(101 South. 132)

No. 24434.

MILBURN et al. v. WEMPLE et al.

(March 3, 1924. On Application for Rehearing, June 20, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Frauds, statute of**  116(3)—**Parol evidence as to authority of attorneys in signing partition agreement held inadmissible.**

In suit for partition, where defendant set up partition agreement signed by attorneys and not by parties, court should have sustained plaintiffs' objections to any and all parol evidence tending to show either that those who signed were authorized to do so or that their acts were subsequently ratified or approved, or that agreement was entered into as a compromise by attorneys representing heirs, in view of Rev. Civ. Code arts. 1382, 2275, 2290, 2440, 2992.

2. **Attorney and client**  101(1)—**Attorneys had no power to compromise and sign agreement of partition.**

Attorneys merely by virtue of their employment as such had no power to enter into compromise between heirs and projet of partition on behalf of their clients, under Rev. Civ. Code, art. 2997, cls. 1, 2, 6, arts. 1382, 2660, 2667.

3. **Infants**  5—**Minors; attorney powerless to act for infant without advice of family meeting.**

An attorney representing a minor was powerless to act for his client without advice of family meeting.

4. **Husband and wife**  138(3)—**Husband without authority to compromise rights of wife and enter into partition agreement.**

Husband was without legal authority to waive or compromise any of rights of wife as an heir and bind her by an agreement of partition.

5. **Descent and distribution**  84—**Partition**  4—**Succession; agreement between heirs for compromise and partition held not complete and final adjustment.**

An instrument *held* not in itself to constitute a complete and final adjustment and agreement of partition between heirs.

On Application for· Rehearing.

6. **Partition**  4—**Ratification of agreement by possession must be performed by all parties in interest.**

Ratification of an agreement of partition by taking possession, in order to be complete and effective, must be performed by all parties in interest.

7. **Infants**  57(1)—**Minors; ratification by infant after suit by party held too late.**

If partition agreement was not complete and effective because one of parties was a minor, fact that minor was emancipated at time of suit by one of heirs to partition did not render partition valid and binding by ratification, where willingness and desire to ratify was first expressed in answer in suit.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; James Andrews, Judge.

Suit by Mrs. Olive M. Phillips Milburn and others against Mrs. Nannie Phillips Wemple and others. Court dismissed plaintiffs' suit and sustained defendants' reconventional demand, and plaintiffs appeal. Judgment set aside and annulled, and judgment ordered entered.

Dubuisson, Perrault & Burleigh, of Opelousas, for appellants.

Hakenyos, Hunter & Scott, of Alexandria, for appellee Otey Earl Phillips.

White, Holloman & White, of Alexandria, for appellees Mrs. Nannie Wemple and Ada Phillips.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. This is a suit for the partition by licitation of movable and immovable property. The action is resisted on the ground that an extrajudicial and amicable partition had been previously effected. Defendants, by way of reconvention, prayed for the recognition and confirmation of said prior partition.

The court below dismissed plaintiffs' suit and sustained defendants' reconventional demand. Plaintiffs have appealed from the judgment.

Plaintiffs and defendants are the heirs of the late J. Hope Phillips and of the late Walter Phillips.

At the time of his death J. Hope Phillips owned the Star Plantation, in the parish of Avoyelles, the May Plantation in the parish of Rapides, certain bank and insurance company stock, and a large sum of money on deposit with the Rapides Bank & Trust Company, of the city of Alexandria. When his succession was opened his heirs, including his son Walter, who was then living, were sent into possession of the estate.

Walter Phillips enlisted in the army and died overseas. Before sailing he appointed in writing, J. G. Lawler to act as his agent in the settlement of his father's succession.

Defendant Otey Earl Phillips is the daughter of Earl Philips, a predeceased son of J. Hope Phillips. At the time of her grandfather's death she was a minor, but when this suit was instituted she had been fully emancipated.

After the judgment recognizing and sending the heirs into possession, and while Walter Phillips was in France, the following agreement was entered into, viz:

"Alexandria, La., December 18, 1917.

"Memorandum of agreement for settlement of the estate of J. H. Phillips, L. Wemple, representing his wife, Mrs. Nannie Wemple, and Miss Ada Phillips, John R. Hunter, attorney, representing the minor Otey Earl Phillips, in so far as he may do so without the advice of a family meeting, John W. Lewis, representing all the other heirs of J. H. Phillips, witnesseth:

"(1) It is agreed that a family meeting shall be held and if the family meeting so advises the interest of the minor Otey Earl Phillips shall be sold to and purchased by the parties represented by John W. Lewis for the sum of seven thousand five hundred ($7,500.00) dollars cash.

"(2) It is agreed that Mrs. Nannie Wemple and Miss Ada Phillips shall receive the Star Plantation by good and valid deed from the parties represented by John W. Lewis in consideration of the exchange and relinquishment by said Mrs. Nannie Wemple and Miss Ada Phillips to said parties represented by Mr. John W. Lewis of all of their interests of any kind whatsoever in the remainder of the estate of J H. Phillips, including the May Plantation and funds, stocks, etc., in bank.

"(3) It is agreed that the parties represented by John W Lewis will pay the taxes on the Star Plantation for the year 1917 and will pay the costs of transferring said property to the said Mrs. Nannie Wemple and the said Miss Ada Phillips.

"(4) It is agreed that on completion of the transaction above mentioned the Rapides Bank of Alexandria, La., shall deliver to John W. Lewis, attorney for said parties, all cash, notes, stock, bonds and other assets in its hands belonging to the estate of J. H. Phillips, and the Rapides Bank is now authorized out of the funds in its hands, to pay all taxes on both plantations for the year 1917, and the sum of $20.00 to L. A. Stagg for cane stubble.

"Mrs. Nannie Wemple,
"Miss Ada Phillips,
"Per L. Wemple.
"Jno. W. Lewis, Atty.
"Jno. R. Hunter, Atty."

Subsequent to the execution of this agreement plaintiffs took possession of May Plantation, and defendants Mrs. Nannie Phillips Wemple and Miss Ada Phillips of Star Plantation. The money and other effects remained in the bank. J. G. Lawler, the agent

of Walter Phillips apparently did not take possession of any of the property on behalf of his principal.

Plaintiffs ignored the agreement in bringing their suit, and defendants set it up in bar of plaintiffs' action, praying for its recognition and confirmation.

None of the co-owners signed the agreement. ' Defendants, however, aver they are bound thereby because it was executed by their attorneys with their full knowledge and consent; that said attorneys had both verbal and written authority to execute it, as had Mr. J. G. Lawler, who was also present and affirming; that the parties have executed the compact by taking possession of their respective allotments thereunder.

Defendants hold that the agreement constituted an act of provisional partition.

Plaintiffs' contention is that the writing was merely a projet of partition which was ineffective because entered into by the attorneys without the special written authority of their clients; that, moreover, the arrangement was never consummated by the execution of the formal instruments of transfer.

On the trial of the case parol evidence was introduced, over plaintiffs' objection, showing that the agreement was entered into as a compromise by the attorneys representing the heirs. There were present assisting and advising the attorneys Mr. Wemple, representing his wife and Miss Ada Phillips, J. G. Lawler, as the agent of Walter Phillips, Messrs. J. F. Milburn and J. H. Pringle, on behalf of their respective wives. The other heirs, Mrs. Hope Phillips Milburn, Mrs. Maud Phillips Palmer, and the minor Otey Earl Phillips, were not present, but were represented by their attorneys. It appears that because of family differences Messrs. Milburn and Pringle declined to meet Mr. Wemple, so that the negotiations were carried on at long distance. Mr. Wemple held his discussions in the office of his attorney, while the Messrs. Milburn and Pringle remained at their hotel, where they advised with their attorney, who also acted as the intermediary between the opposing camps.

Plaintiffs' counsel also objected to any and all parol evidence tending to show either that those who signed the projet were authorized to do so, or that their acts were subsequently ratified or approved. The objections were overruled.

[1] All of said objections were well founded, and should have been sustained.

The articles of the Revised Civil Code are clear on the subject. Article 2440 provides that *sales* of immovables must' be in writing; article 2275, that *transfers* of immovables must be in writing; article 1382, that partitions are *sorts* of exchange. Article 2660 defines the contract of exchange, and article 2667 provides that all rules affecting contracts of *sale* shall apply to contracts of *exchange*. Article 2992, in effect, provides that the power of an agent to execute it must be in writing, and the import of article 2290 is that, where the contract must be in writing, it cannot be established by parol proof of verbal admissions or confession of its existence. (Writer's italics.)

See, also, Hackenburg v. Gartskamp, 30 La. Ann. 898; Perrault v. Perrault, 32 La. Ann. 635; Hanby v. Texas Co., 140 La. 189, 72 South. 933, and authorities cited.

"Parol evidence is inadmissible to prove either the sale of a slave, or acknowledgments tending to show the ratification of an unauthorized sale of a slave." Hudnall v. Watt & De Saulles, 8 La. Ann. 5.

See, also, Bach v. Ballard, 13 La. Ann. 487, holding that:

"An agreement for the extra judicial partition of land cannot be established by parol evidence."

—and Spann v. Hellen, 114 La. 336, 38 South. 248, where the court said that verbal conditions could not be imposed by parol upon a written act of partition.

[2] While the signers of the agreement unquestionably acted in good faith and for what they conceived to be for the best interest of all of the parties, the attorneys, merely by virtue of their employment as such, had no power to enter into the compromise and projet of partition on behalf of their clients. R. C. C. 2997, cls. 1, 2, and 6; articles 2660, 2667, and 1382; Succession of Landry, 117 La. 193, 41 South. 490; Phelps v. Preston, 9 La. Ann. 488; Woodrow v. Hennen, 6 Mart. (N. S.) 158.

[3, 4] The attorney representing the minor, Otey Earl Phillips, was powerless to act for his client without the advice of a family meeting, and the limitation of his authority was expressly recognized by him under the terms of the proposed settlement. And, of course, Wemple was without legal authority to waive or compromise any of the rights of his wife.

[5] In view of the foregoing it is unnecessary for us to pass upon the question of whether or not the said agreement was a fully executed partition. We will say, however, that a mere reading of the document indicates that it was nothing more than a memorandum for a settlement to be carried out in the future by means of the execution of the requisite deeds, and did not in itself constitute a complete and final adjustment between the parties.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed be set aside and annulled, and it is now ordered and decreed that there be judgment in favor of plaintiffs, Mrs. Olive M. Phillips, wife of James F. Milburn, Mrs. Hope Phillips, wife of Morell Milburn, Mrs. Maud Phillips, wife of B. M. Palmer, and Mrs. Almira Phillips, wife of J. H. Pringle, and against defendants, Mrs. Nannie Phillips, wife of Leonidas Wemple, Miss Ada Phillips, and Miss Otey Earl Phillips, recognizing plaintiffs and defendants as the owners in indivision in the proportions and in the property as set forth in plaintiffs' petition, decreeing that said property is indivisible in kind, and ordering that said property be sold for cash at public auction after due advertisements, and all other legal requisites, to the last and highest bidder, and that all parties be referred to a competent notary public for the parish of Rapides to be appointed by the district judge to complete said partition as prayed for and according to law. Defendants to pay the costs of these proceedings in both courts.

On Application for Rehearing.

PER CURIAM. The so-called plea of estoppel, under the exceptions and answer of defendants, is based on the alleged "settlement, adjustment and compromise" contained in the "memorandum of agreement of settlement of the estate of J. H. Phillips," dated December 18, 1917, and on the alleged acquiesence therein and ratification thereof flowing from the taking possession of May Plantation by plaintiffs and of Star Plantation by some of the defendants. This phase of the litigation was discussed and passed upon in our original opinion.

It may be, however, that we were too broad in our statement that parol evidence is inadmissible, in every case, to prove the ratification of an unauthorized sale or partition of real estate. It is possible that cases may arise where unauthorized acts of agents may be ratified by conduct or by silence. On that point we presently express no opinion, and it is not necessary that we should do so in order to determine the issues of the case at bar.

[6, 7] Ratification in order to be complete and effective must be performed by all parties in interest. Otey Earl Phillips, admittedly, did not, and could not as a minor, ratify the agreement. She never at any time received the $7,500 allotted to her. The fact that at the time of the filing of this suit she had been emancipated, and in her answer

expressed her willingness and desire to ratify the agreement, did not improve the situation. It was then too late to ratify the unauthorized memorandum of agreement. By the mere filing of the suit plaintiffs, even if it be conceded that they had authorized the signing of the agreement, withdrew from the proposed compromise settlement.

Walter Phillips, who was in Europe when the document was signed, never took possession of the property allotted to him. There was no distribution of the money and movables referred to in the agreement as being in possession of the Rapides Bank & Trust Company as the property of the estate of J. H. Phillips. The bank has retained the custody of the property until this date.

Rehearing refused.