## VAN VLEET MANSFIELD DRUG CO. v. ANDERS. *
### No. 4851.

Court of Appeal of Louisiana. Second Circuit.

Nov. 2, 1934.

*Rehearing denied December 5, 1934.

Wm. C. Boone, of Shreveport, for appellant.

Drew & Richardson, of Minden, for appellee.

TALIAFERRO, Judge.

Plaintiff filed this suit on October 10, 1925, on the promissory note of defendant for $119.-51, with 8 per cent. interest from August 5, 1921, and 15 per cent. attorney's fees stipulated therein.

Defendant, in bar of the suit, alleges and contends that the note was extinguished in full on June 10, 1922, by compromise and settlement with Stewart & Stewart, attorneys for plaintiff, at which time the sum of $31.52, being 25 per cent. of the note, principal, and interest, was paid to and accepted by said attorneys, in keeping with the terms of said compromise. This defense was sustained by the lower court and plaintiff's suit dismissed. Plaintiff appealed.

Defendant does not allege that Stewart & Stewart, who represented plaintiff when he compromised with practically all his creditors in 1922, at 25 cents on the dollar, and who then held the note for collection, were then authorized and empowered to accept 25 per cent. of the note, principal, and interest, in full settlement thereof. The record unquestionably discloses that no such authority was vested in them to do so. Letters and other written evidence in the record established conclusively that plaintiff at no time agreed to accept this compromise offer of defendant, but on the contrary stoutly refused same, although defendant's counsel, who gave Stewart & Stewart a check for 25 per cent. of the amount due plaintiff, thought and understood that defendant's offer of settlement had been accepted.

Mr. Dan W. Stewart, Jr., member of the firm of Stewart & Stewart, testified as a witness in the case. He recalled having the note in question and numerous other accounts against defendant for collection, and that a compromise settlement was effected on several of the claims, but could not recall definitely as to whether the note sued on was so settled. When asked if he had any recollection as to whether or not his firm had authority to make the settlement defendant relies on, he answered, "Not the slightest." So much time had elapsed that he had no independent recollection on the subject. He could not recall whether the amount paid his firm by defendant's attorney was remitted to plaintiff or not, but knew it was their custom to make prompt remittance of all collections by them. The officers and employees of plaintiff all testify that they received no payment.

The note, after being delivered by plaintiff to a collection agency and by it to Stewart & Stewart, prior to the date of defendant's proposed composition with his creditors, was, in September, 1922, again in plaintiff's possession. They intrusted it then to their present counsel for collection. The fact that the note found its way back to plaintiff so soon after the alleged compromise, argues strongly that all concerned with its collection, save defendant and his attorneys, were of the belief that it had not been included in the compromise. Within three months after the check of $31.52 was issued by defendant's attorneys and collected by Stewart & Stewart, the note sued on had been delivered back to plaintiff.

Plaintiff is a Tennessee corporation, domiciled in the city of Memphis. None of its officers resides in Louisiana. The various communications by it about the collection of the note were in letter form. If any one had authority to settle the note for less than its face amount, such authority must have been in writing. No such authority was offered in evidence, nor is it seriously intimated that such evidence of authority ever existed. This suit was filed only three years after the alleged compromise, at a time when all the facts should have been fairly fresh in the minds of all having contact therewith, and when all records on the subject should have been in existence and available to all concerned.

■ The contract of compromise must be reduced to writing. Civ. Code, art. 3071.

The authority of the agent to compromise for his principal should be in writing, though this is not indispensable, save when title to real estate is involved. Phelps v. Hodge, 6 La. Ann. 524; Hammonds v. Buzbee, 170 La. 573, 128 So. 520; Opelousas-St. Landry Bank & Trust Co. v. Bruner, 13 La. App. 387, 125 So. 507.

■ The fact of employment of an attorney to effect collection of a debt, or perform other duties involving material rights of client, does not superinduce the right or authority to compromise for the client. Such authority must be clear and express. Milburn v. Wemple et al., 156 La. 759, 101 So. 132; Phillips-Jones Corp. v. Caskey, 13 La. App. 675, 127 So. 46; Civ. Code, art. 2997.

One of the earliest cases in the jurisprudence of this state on the subject is that of Dupre v. Splane, 16 La. 51, where it is said:

"An authority to an agent or attorney at law to collect a debt does not authorize him to novate it or enter into a compromise."

Scores of cases to the same effect could be cited. There is no exception to the well-settled rule announced in the decisions above given.

We shall have to reverse the judgment appealed from. However, defendant is entitled to be credited with the $31.52 paid by him to plaintiff's counsel on June 10, 1922.

The law and evidence being in favor of plaintiff, and against defendant, and for the reasons herein assigned, the judgment of the lower court is annulled, avoided, and reversed; and there is now judgment in favor of Van Vleet Mansfield Drug Company and against defendant, S. T. Anders, for the sum of $119.51, with 8 per cent. per annum interest thereon from August 5, 1921, until paid, and for 15 per cent. additional on said amount, principal and interest, as attorney's fees, less credit of $31.52 as of June 10, 1922; and costs of suit.

DREW, J., recused.