GLADNEY, Judge.
Plaintiff’s action is for the recovery of $1,100, a final balance allegedly due by defendant on the purchase price of an automobile. When defendant received the delivery of the automobile he agreed to pay a balance of $3,200 due thereon within four months. On September 26, 1955, exactly four months later, Ralph Brandon handed to M. I. Davis, president of plaintiff company, a check for the sum of $2,100 to which was attached a voucher imposing a credit of $1,100 allegedly due defendant on a prior transaction. In the trial court plaintiff stoutly contended that although defendant is entitled to a credit of $1,100, that in the contract and agreement from which the $1,100 credit arose, it was expressly agreed that credit could be applied only against'the purchase by Brandon of a new Chrysler or Plymouth automobile without a trade-in. Brandon insisted that this restriction on the use of the credit was an afterthought, and no restriction on the use thereof was imposed by the prior agreement. After trial upon these issues, judgment was rendered in favor of plaintiff.
The credit which provoked the controversy arose out of a transaction between M. I. Davis and Ralph Brandon in September of 1954. At that time Ralph Brandon, who was engaged in the oil business, persuaded Davis to receive and purchase from him certain automobile parts which Brandon had acquired in payment of a debt. The deal between the two men was made over the telephone. That Davis agreed to pay Brandon the sum of $1,100 *592 for the parts is readily admitted, and it is conceded by Davis Brandon still has a credit on his books for that amount. Davis produced and filed in evidence a copy of a letter to Brandon, dated September 26, 1955, which he declared was dictated and placed for mailing by him in the usual course of his business. The copy was admitted in evidence over the objection of defendant’s counsel that it was not shown to have been deposited in the mail and that plaintiff had failed to produce the employee who could testify as to the mailing of said letter. Brandon denied that he received a copy of this letter. The contents of the letter if accepted as competent evidence fully corroborate the testimony of Davis. It states:'
“Attaching hereto you will find the parts list as . I talked with you on the telephone, also you will find - a credit memo covering $1,100.00, the amount agreed upon. . Confirming our agreement this $1,100.00 credit is to be used by you on the purchase of a new. Chrysler or Plymouth automobile, without .trade in of used car.”
We,.find no error in the ruling of the court upon the adrnissibility of the letter. Davis testified that his secretary, who customarily handled the mail, married a service man and he had no knowledge of her whereabouts. The , objection affects the weight to be accorded the evidence rather than its admissibility. However, conceding, arguendo, the inadmissibility, of the letter,-there remains the testimony of Davis, who testified that he and Brandon had a clear understanding by telephone conversation and it was clearly understood credit: -should be restricted as above stated. This testimony received corroboration from; Davis’ office manager, Mr. Frame, who testified that on several different occasions after Brandon had remitted the sum of $2,100, demand was made upon Brandon for the $1,100 balance due from the sale of the automobile on May 26, 1955, and Brandon without claiming the credit of $1,100, asked for further time in which to make payment.
Before this court appellant contends that the -burden of proof rests upon plaintiff to prove the. conditional use of the credit. We disagree. The attempted use of the $1,100 credit by Brandon brings into play Article 2232 of the LSA-Civil Code, which provides:
- “He who claims the execution of an obligation must prove it.
“On the other hand, he who contends that he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation.”
The defense in this case, therefore, is that the defendant is exonerated from the payment of the $1,100 and therefore the burden is upon defendant to prove the fact which has produced the extinction of the obligation. The trial court resolved this issue of fact in favor of the plaintiff and we find no error in his judgment.
Pleading alternatively in. the answer, defendant has asked that if the credit is not granted against the instant claim, that then the decree should render judgment in its favor on a quantum meruit basis, or on the theory that plaintiff should not be so unjustly enriched. The argument overlooks the fact that the decree as rendered by the trial court, and affirmed by this court herein, does not affect the entitlement of the defendant to $1,100 credit, on the books of the plaintiff company.
For the reasons hereinabove set forth, the judgment from which appealed is affirmed at appellant’s cost.'