AYRES, Judge.
Plaintiff alleges she listed certain real estate situated in Bossier City, Louisiana, with the defendant as a real estate agent or broker for the purpose of sale. She further alleges the property was sold by him for $600 cash and $3,650 on credit .represented by the purchaser’s note, payable in monthly installments of $50 each, beginning May 1, 1954. In addition to the cash payment plaintiff allleges that the defendant collected $1,616 on the note, aggregating a total collection of $2,216 which, less certain credits to which defendant is entitled, such as—
Commission on sale of property $212.50
Commission on collections on note 80.80
Notarial expense in executing deed 25.00
U. S. revenue stamps on deed 4.95
Discharge of judgment or lien on property 413.02
Cancellation of judgment 1.00
Delinquent taxes paid 28.03
or a total of $765.30,
leaves a sum of $1,450.70, which she seeks to recover from the defendant.
In answer to plaintiff’s demands, defendant denies he was employed by plaintiff to sell the property and avers that his contract was with one James B. Floyd, the then husband of plaintiff; that he sold the property as alleged by plaintiff and for the price and on the terms alleged, and admitted receiving the cash payment on the purchase price as well as the collections on the deferred portion of the purchase price. His defense, however, is primarily the contention he is entitled to certain additional credits which would reduce the amount due plaintiff to $406.70, as set forth in an alleged accounting rendered to plaintiff through her attorney, wherein it is alleged her counsel, on her behalf, acknowledged receipt of the note bearing the aforesaid credits, as well as the correctness of the account as rendered, and further released and discharged defendant from all obligations predicated upon the aforesaid note and the collections made thereon.
After trial there was judgment in plaintiff’s favor as prayed for. Defendant has appealed. Plaintiff has answered the appeal, praying that she be awarded damages as for a frivolous appeal.
The facts as disclosed by the record are that plaintiff and James B. Floyd acquired as community property Lots 11 and 12 of Airport Annex (subdivision) of Bossier City; that they were separated, as recognized in a decree of separation of November 12, 1948, in which decree the husband was condemned to pay alimony or support to the wife for the use and benefit of their *339 minor children in the sum of $18 per week ; that eventually, on March 28, 1950, a judgment of divorce was rendered between them, after which plaintiff provoked a proceeding to cause the judgment for the accrued alimony to be made executory and enforcible, which was accordingly done. Thereafter, a writ of fieri facias issued and the husband’s undivided one-half interest in the aforesaid note was seized and sold. The note, however, was retained by defendant in his possession for collection until delivered to her through her attorney by defendant in the aforesaid purported settlement.
Whether defendant originally represented plaintiff in the sale of the property, which from the evidence it could be concluded that he did as she was the owner of an undivided one-half interest therein at the time, which interest he acknowledged in answers to interrogatories propounded to him as garnishee in the proceedings in which plaintiff endeavored to collect support for her children under the judgment heretofore referred to, is now of minor importance in view of the acknowledged relationship between plaintiff and defendant and particularly in that he made the collections on the note for her, rendered an accounting to her through her attorney, charged her with alleged credits purporting to reduce her interest in the collections aggregating $2,216 to $406.70 and finally delivered the note to her.
Divesting the claims and counterclaims of their redundance and superfluities, the pleadings lose much of their obscurity and complexity and the issues take on, more or less, clarity where obscurity formerly prevailed and simplicity where complexity formerly confused. In his answer and in the account filed by him in evidence defendant admits the collections on behalf of plaintiff for the amount claimed by plaintiff to have been collected. Plaintiff enumerated the aforesaid credits to which she admits defendant is entitled. Acknowledgment of receipt of the aforesaid collections is tantamount to an admission of liability. If defendant’s obligation is subject to certain credits or offsets, it is his responsibility or burden to establish the verity of the credits claimed and his right thereto or, stated differently, having admitted his obligation, it is the defendant’s burden to show his exoneration or release therefrom. LSA-C.C. Art. 2232 provides that—
“He who claims the execution of an obligation must prove it”, but
“On the other hand, he who contends he is exonerated, must prove the payment or the fact which has produced the extinction of the obligation,” (Emphasis supplied.)
In Holder v. Lockwood, La.App., 92 So.2d 768, it was held that where a loss had been shown to come under the peril insured against by a policy, the burden is then upon the insurer to establish as an affirmative defense the act complained of came under an exception or exclusion of the policy and that it was, therefore, relieved from such obligation. It was likewise held in M. I. Davis Co., Inc., v. Ralph Brandon Co., Inc., La.App., 90 So.2d 591, that in a seller’s action for a balance allegedly due on the price of an automobile wherein the purchaser claimed credit al-legédly due him on a prior transaction but the seller contended there was a restriction on the use of the credit, the burden was not upon the seller to prove the existence of the restriction but the burden was upon the defendant to prove his exoneration from or the extinction of the obligation. The defendant has utterly failed to sustain his burden of proof. The evidence in the record bearing upon the additional credits or offsets asserted against the amounts admittedly received by defendant is so scant and sketchy as to be virtually non-existent; at least, the proof adduced is not of such a convincing character as would warrant predicating a judgment thereon.
Neither can defendant rely upon, and take refuge under, the purported settlement entered into with plaintiff’s coun *340 sel or the purported release executed by him, even if their verity and accuracy were unquestioned. On this point the testimony of plaintiff’s counsel and that of the defendant is in irreconcilable conflict. Nevertheless, it is neither contended nor shown that plaintiff’s counsel had any special or express authority to settle plaintiff’s claim or to grant a release therefrom. Under LSA-C.C. Art. 2996.
“A mandate conceived in general terms, confers only a power of administration.
“If it be necessary to alienate or give a mortgage, or do any other act of ownership, the power must be express” ;
and by Art. 2997 it is provided that the power must be express and special in order
“To make a transaction in matters of litigation; and in general where things to be done are not merely acts of administration, or such as facilitate such acts.”
The jurisprudence is well settled that an attorney at law has no power without express authority to compromise or settle his client’s claim. Woodrow v. Hennen, 6 Mart., N.S., 156; Dupre v. Splane, 16 La. 51; Phelps v. Preston, 9 La.Ann. 488; Phillips-Jones Corp. v. Caskey, 13 La.App. 675, 127 So. 46, 47. In the last case this court, through Judge Odom, later an Associate Justice of the Supreme Court stated:
“Even if it be said that plaintiff’s attorneys did agree to the settlement, the fact remains that they had no authority from their client to make such settlement. An attorney has no right to comprise his client’s claim without express authority to do so. Liquidators of Joseph David Co. v. Berthelot Bros., 118 La. 380, 42 So. 971; Culverhouse v. Marx, 39 La.Ann. 809, 2 So. 607; Orr & Lindsey v. Wm. Hamilton, 36 La.Ann. 790.”
An identical conclusion was again reached by this court in Van Vleet Mansfield Drug Co. v. Anders, La.App., 157 So. 166, 167, wherein it was stated:
“The fact of employment of an attorney to effect collection of a debt, or perform other duties involving material rights of client, does not super-induce the right or authority to compromise for the client. Such authority must be clear and express. Milburn v. Wemple, 156 La. 759, 101 So. 132; Phillips-Jones Corp. v. Caskey, 13 La. App. 675, 127 So. 46; Civ.Code, art. 2997.”
In Milburn v. Wemple, 156 La. 759, 101 So. 132, 134, an action for the partition by licitation of movable and immovable property, resisted on the ground that an amicable extrajudicial partition had been previously effected, the court, with reference to the authority of attorneys to execute such an agreement, stated:
“While the signers of the agreement unquestionably acted in good faith and for what they conceived to be for the best interest of all of the parties, the attorneys, merely by virtue of their employment as such, had no power to enter into the compromise and pro jet of partition on behalf of their clients. R.C.C. 2997, els. 1, 2, and 6; articles 2660, 2667, and 1382; Succession of Landry, 117 La. 193,41 So. 490; Phelps v. Preston, 9 La.Ann. 488; Woodrow v. Hennen, 6 Mart., N.S., [156] 158.”
Neither can an attorney of record without special authority execute a valid release to one who is liable to his client. Succession of Stocking, 6 La.Ann. 229; Succession of Weigel, 18 La.Ann. 49; Millaudon v. McMicken, 7 Mart.,N.S., 34; Succession of Landry, 117 La. 193, 195, 41 So. 490.
The general rule as to the authority of an attorney at law relative to settlement and compromise or release of his client’s claims is in accord with the rule and juris *341 prudence of this State. 7 C.J.S. Attorney and Client § 100 c, p. 922, states:
“As he acquires no implied power with respect thereto * * *, in the absence of express authority, an attorney generally has no power, by stipulation, agreement, or otherwise, to waive or surrender the substantial legal rights of his client,”
and under § 105a concerning settlement it is stated:
“As the implied or apparent authority of an attorney ordinarily does not extend to the client’s substantial rights or the subject matter of the cause of action, * * * it is a well settled general rule that the ordinary employment or retainer of an attorney to represent a client with respect to litigation or other matters does not of itself give the attorney the implied or apparent authority to bind his client by a settlement or compromise of the cause of action, claim, or other matter or right, with respect to which he was employed, and that in the absence of express authority he cannot do so”;
and under § 105b, p. 932, the general rule finds application where the authority of an attorney to execute a release is at issue. There it was stated:
“In accordance with the general rule that an attorney cannot surrender or waive his client’s substantial rights without express authority, * * * it is usually held that an attorney has no implied or apparent authority to release or discharge his client’s cause of action or substantial rights other than upon a full payment of the indebtedness or the amount claimed, * *
Therefore, should it be conceded that the settlement was entered into between defendant and plaintiff’s attorney in the utmost good faith and, in a like spirit, her counsel executed the release, nevertheless plaintiff is not bound thereby, because it was not established she conferred upon her attorney any express or special authority for that purpose.
Lastly for consideration is appellee’s answer to the appeal praying for an affirmance of the judgment, with ten percent of the amount thereof as damages for a frivolous appeal. Code of Practice, Art. 907. We do not think this is a clear case for application of the provisions of this article. It is not manifest that the appeal was taken merely for delay; nor is it certain that the appellant did not believe in the merit of, at least, some portions of his defense. We are not disposed to mulct defendant in damages for taking an appeal, which the law favors merely because he was mistaken in the merits of his defense. Silberberg v. Kalil & Miclcal, 159 La. 560, 105 So. 620.
For the above reasons, the judgment appealed is affirmed at appellant’s cost.
Affirmed.