BOUTALL, Judge.
This is a suit by a customer against a brokerage firm seeking to void certain purchases and sales of stocks and commodities made through the broker during a period when the customer was a minor. The defendants .assert that the plaintiff ratified the transactions after he reached the age of majority, and further deny that they would owe anything, if all of the transactions were voided; that the minor cannot seek to avoid those transactions in which a loss occurred while at the same time take advantage of those in which a gain or profit occurred. The trial court rendered judgment dismissing plaintiff’s suit and rendered written reasons.
The evidence shows that plaintiff-appellant was employed by defendant-appellee, at a time when he was 20 years old, and that there were opened with defendant three accounts for the purpose of trading in stocks and securities, to wit: A margin account, a commodity account, and a cash account. The period in question begins December 12, 1968 and continues to February 19, 1969, at which time plaintiff became 21 years of age. There was active trading in the account both during this period and thereafter until the account was closed on October 15, 1969. Plaintiff originally claimed that he lost the sum of $15,517.95 during this period of minority, however, on this appeal he only seeks to recover a loss of $2,065.38.
Focusing our attention on the evidence presented in connection with the *692 merits of the claim, we note that the trial court found that:
“Plaintiff has failed to prove, by a preponderance of admissible evidence, that the sum of $15,517.95 (or any other sum) was lost during the period of plaintiff’s minority.”
Our examination of the record convinces us that this is a correct conclusion. The account was started with certain stock shares received and sold on behalf of plaintiff. A consideration of the account and the transactions therein would result, under plaintiff’s computation, in a credit due him of $2,065.38. The computation used by defendant reaches a result that plaintiff owes defendant $4,200.00. Our consideration of the account leads us to believe that the plaintiff at the termination of the accounts would be some $232.88 ahead of his original stock position when he opened the account. In any event, there is ample evidence to support the conclusion of the trial judge that no loss was shown when the entire system of transactions was considered and we agree with his conclusion.
Plaintiff, however, urges to us that he was persuaded to make these transactions by the representations of employees of defendant, and that additionally, he was required by defendant to trade only through defendant and could not change his account to any other brokerage firm. Because of our conclusion that there is insufficient proof of loss sustained by plaintiff, we find no necessity for a consideration of those arguments. They relate only to the reasons assigned by plaintiff as to why he sustained the alleged losses.
It is apparent that the trial judge very carefully considered all of the evidence presented, and gave detailed and well considered findings of fact and reasons for judgment. We agree with the conclusions reached on the issues discussed above, and we find that on that basis the judgment was correct. However, there were other issues presented resulting from the minority, which, because they have been strongly urged to us, we feel that we should mention.
Plaintiff would have us set aside those transactions detrimental to the minor’s interest and approve those which have been gainful. He insists to us that a brokerage firm such as defendant is powerless to act for a minor investor without the advice of a family meeting or a tutor, and that one who deals with a minor does so at his peril and must take the consequences of any loss occasioned to the minor. He relies upon the cases of Milburn v. Wemple, 156 La. 759, 101 So. 132 (1924), and La Porte v. Clesi, Inc., 197 So.2d 419 (La.App. 4th Cir., 1967).
Certainly, the defendant knew that its employee was a minor, and that a minor is not free to contract for himself. The defendant contends, however, that the contracts made were ratified by the minor upon reaching his majority, LSA-C. C. art. 1785, and such ratification precludes any avoidance of such contract whether it was null in form or subject only to restitution, LSA-C.C. art. 2228. It should be noted at this time that there was no direct contract of sale or purchase entered into between plaintiff and defendant, but that defendant was merely acting as a broker in transactions between plaintiff and the general stock market.
The trial court found that plaintiff did in fact ratify the transactions during his minority. Regardless of any showing of loss during minority, this ratification would prevent recovery.
The evidence shows that plaintiff continued to actively trade in his accounts after he reached the age of majority. Of the 39 trades shown on his account statements, 20 were made after he reached majority. He also sold certain securities after he reached majority that he is contending were illegally purchased for him while he was a minor. Since the values of securities on the stock market are subject *693 to daily fluctuation, wc are of the opinion that his continuing to trade constituted a ratification of the actions of his broker.
For the foregoing reasons, we are of the opinion that the judgment should be affirmed.
Affirmed.